C. A. CARLTON, Adm'r, v. WASHINGTON BYERS, et als.

*Parties—Administrators—Settlement of Estates.*

1. Creditors are not proper parties to a proceeding brought by an administrator against the next of kin of his intestate for a settlement of the estate.

2. If an administrator should file a petition against the parties interested for a settlement before he has paid the debts, the remedy of the creditor is by a creditor's bill, in accordance with §1448 of The Code, or a creditor may bring an action on the administration bond.

3. Creditors are proper parties to a special proceeding brought by a *legatee* or *distributee* against an executor or administrator for an account and settlement of the estate, for, in such case, the legatee or distributee has a right to have an account taken, to ascertain the balance, after providing for all the debts.

(*Southall* v. *Shields*, 81 N. C., 28, distinguished and approved).

This was a SPECIAL PROCEEDING, heard, on appeal from an order made by the Clerk, by *Montgomery, Judge*, at August Term, 1885, of IREDELL Superior Court.

The plaintiff, who is the administrator *de bonis non, cum testamento annexo* of J. S. Byers, deceased, brought this special proceeding in the Superior Court of Iredell county, against the defendants, who, except the appellants, are the heirs-at-law, next of kin, devisees and legatees of his testator, for the purpose of having a final settlement and distribution of the estate of his testator in his hands.

The appellants are creditors of the estate of the testator, and they applied to be made parties defendant in the proceeding, for the purpose of insisting that the plaintiff administrator had not duly administered the estate in his hands, and having their debts paid out of the assets that had come or ought to have come into his hands as such administrator. The Clerk of the Court allowed them to be made parties defendant; they respectively filed answers to the petition; there was replication to the same; and issues of facts were raised by the pleadings and transferred to the civil issue docket to be tried. The plaintiff insisted before the Clerk, and afterwards before the Judge in Term, that the appellants were not proper parties to the proceeding. The Court in Term, upon hearing the motion to strike the names of the appellants from the record as parties, upon the ground that they were not proper parties, and that the Clerk had improvidently allowed them to be made such, allowed the motion, whereupon they excepted and appealed.

*Messrs. R. F. Armfield* and *Scott & Caldwell*, for the plaintiffs.
*Mr. D. M. Furches*, for the defendant.

MERRIMON, J., (after stating the facts).   We are of the opin-
ion that the Court properly allowed the motion.   The appellants
very clearly misapprehended the nature of this proceeding, and
their rights as creditors of the estate, seeking to charge the ad-
ministrator with assets that came or ought to have come into his
hands, to pay their respective debts.

Their remedy was to bring a Special Proceeding in their own
behalf and that of all the creditors of the testator, to compel the
administrator to render an account of his administration and
pay the creditors respectively what might be ascertained to be
due them, as allowed by statute, (Bat. Rev., ch. 45, §73 ; The
Code, §1448), or each creditor, in his discretion, might have
brought his action against the administrator for the breach of his
official bond, in that he failed to duly administer the estate and
pay his debt.

The present proceeding contemplated a final settlement and
distribution of the estate among those who are to take it after
the debts against it are all paid or provided for as required by
law.   Regularly, the administrator should pay all debts before
he begins such a proceeding.   Hence, the statute under which
this proceeding is brought, (Bat. Rev., ch. 45, §147; The Code,
§1525) provides that "An executor, administrator, or collector,
who has filed his *final account* for settlement may, at any time
thereafter, file his petition against the parties *interested* in the due
administration of the estate," &c.—that is, the heirs-at-law or de-
visees, or next of kin or legatees, or all of these accordingly as they
may be interested.   Indeed, if at the time the administrator brings
a proceeding like the present one, if he had done his duty, all debts
against the estate would have been provided for, if not paid.
Such a proceeding, brought against the parties finally interested
in the estate, and also the creditors thereof, would be attended
generally with great multiplicity of conflicting and adverse inter-
ests and rights, giving rise to a variety of contests in respect
thereto, and hence there would be more or less complication and
confusion.   There would be practically, in one proceeding, ac-

tions about many matters different in their nature, and the method of treating them.    Such confusion tends to cripple the administration of justice, and ought to be avoided as far as practicable. There is no necessity for such a course of procedure in cases like this, and as the statute has provided a remedy specially for the creditors, and a separate one for those finally interested in the estate, we think that the proper interpretation of the statute in question is, that creditors are not proper parties to a proceeding like this.    This construction cannot work any prejudice to creditors. They would not be bound by proceedings and a decree to which they were not parties.    The appellants, notwithstanding the proceeding, if their debts are well founded, and the administrator is in default as to them, might bring any appropriate proceeding or action against him, and he would be bound to account with them and answer for any such default.

As the Superior Court has general jurisdiction over the subject of the settlement of estates, a party interested in its final settlement might, in some cases, bring his special proceeding against the executor or administrator, as the case might be, and if the latter should suggest that the debts against the estate had not all been paid, the plaintiff, in such case, might have an account taken for the purpose of ascertaining the balance for himself and others interested like himself, and, hence, might make the creditors parties.    This was done in *Southall* v. *Shields*, 81 N. C., 28.    That case, however, and like cases, are different from the present one.    There the proceeding was against the administrator, and the creditors might be brought in, to the end that the plaintiff might have the relief desired by him.

The judgment must be affirmed.    To that end, let this opinion be certified to the Superior Court.

No error.                                    Affirmed.