L. D. GARRISON and wife v. CAROLINE COX et al.

*Partition—Sale of Land for Assets—Parties—Joinder of Actions—Special Proceedings—Administration.*

1. In a special proceeding for partition, it is erroneous to permit the personal representative of the ancestor of the tenants in common to interplead and apply for a license to sell the lands for assets.

2. The same principle which forbids the improper joinder of causes in civil actions, applies to special proceedings.

3. Where it appears to the Court in a proceeding for partition, that it may become necessary to sell the lands for assets, it should stay the partition until the personal representative can have reasonable opportunity to apply for a license.

This is a SPECIAL PROCEEDING, heard before *Boykin, J.,* upon appeal from the Clerk of BURKE Superior Court, at Chambers, on the Fall Circuit of 1887.

The plaintiffs, husband and wife, brought this special

proceeding to obtain partition of the land specified in the petition. They allege therein that Wesley Cox died intestate on the 16th of September, 1883, in the County of Burke, leaving the *feme* plaintiff and the defendants surviving him, as his only heirs at law, and that the land mentioned descended to them from their said ancestor as tenants in common, subject to the dower of the surviving widow of the said intestate, &c.

The defendants admit some of the material allegations of the complaint and deny others; and allege that at the time of the death of their ancestor, he owed numerous debts for considerable amounts, which have not been paid, and particularly, the defendant Julius A. Cox, alleges that he is the administrator of the intestate—his father—that the estate is largely indebted—that there are no personal assets to pay these debts—that there is no real estate of his intestate, except that mentioned, and that it is necessary to sell the same, to make assets to pay debts, &c.

The following is a copy of so much of the case stated on appeal, as need be set forth here: "The Clerk, upon motion, made the administrator of Wesley Cox a party defendant to the proceeding, and, upon his filing answer, ordered a sale of the land for assets, instead of for partition, as prayed in the petition. Plaintiffs excepted to the said administrator being made a party, and to the order of sale for assets, and, upon appeal, Judge Avery reversed the order or judgment of the Clerk, and ordered an account to be taken, to which plaintiffs excepted. And the account having been taken, and the case coming on again to be heard before the Clerk, the plaintiffs again insisted that the administrator of Wesley Cox was not a necessary or proper party, and that the land be sold for partition. The Clerk having ordered a sale of the land for assets, plaintiffs appealed, and thereupon his Honor, Boykin, J., having heard said case, and being of opinion that the administrator of Wesley Cox was not a

necessary or proper party to this proceeding, and that there was, therefore, error in the order of the Clerk, reversed the same, and gave judgment that said administrator be notified to proceed no further in making sale of said land for assets, and that the Clerk proceed in the partition of said land according to law." To which judgment J. A. Cox, administrator of Wesley Cox, excepted and appealed.

No counsel for the plaintiffs.
*Mr. S. J. Ervin*, for the defendants.

MERRIMON, J., (after stating the case). The distinct and sole purpose of this special proceeding is to have partition made of the tract of land, mentioned in the petition, among the *feme* plaintiff and the defendants, who are tenants in common thereof, according to their several and respective rights as such. The right of these tenants in common to have partition of the land among themselves, is distinct in its nature from, and cannot affect the right of, the appellant administrator in the case allowed by law to apply by special proceeding for a license to sell the land of his intestate to make assets to pay debts. The special proceeding to compel partition is entirely different, in its nature and purpose, from that to sell land to make assets; and there is no statutory provision that requires, or allows, the two diverse purposes or causes of proceedings to be united and effectuated in one and the same special proceeding. Nor is there any general principle of the law of procedure applicable that requires such causes of special proceeding to be united in the same special proceeding.

The appellant seeks to bring into this special proceeding a cause of such proceeding foreign to, and not connected with its purpose; his cause of such proceeding, and his remedy in respect thereto, as to the land which the tenants in common seek to have partitioned, does not affect their rights *as such tenants among and* between

themselves; his remedy is not with the defendant, as against the plaintiff, nor with the latter, against the former, but against both the plaintiffs and defendants, in a distinct special proceeding brought by him. There is the same objection to uniting distinct causes of special proceedings in one and the same special proceeding that there is to uniting two or more distinct causes of action in the same action between the same parties, which the statute does not allow to be so united. The reason of the objection applies with equal force in both cases. *The Code,* § 278.

It seems to us very clear that the causes of special proceeding, which the appellant seeks to have united in this special proceeding, do not at all come within the provisions of the statute, (*The Code,* § 267) which allows several causes of action to be united in the same action. They do not both, in any reasonable or proper sense, arise out of:

1. "The same transaction or transactions connected with the same subject of action; 2, Contract, express or implied; or 3, Injuries, with or without force, to person and property, or to either; or 4, Injuries to character; or 5, Claims to recover real property, with or without damages for the withholding thereof, and the rents of the same; or 6, Claims to recover personal property, with or without damages for the withholding thereof; or 7, Claims against a trustee, by virtue of a contract or by operation of law."

The two causes of special proceeding under consideration do not arise under any of the heads thus enumerated. They do not arise out of "the same *transaction,*" &c., nor out of "*claims* to recover real property," &c., in any reasonable interpretation of these clauses of the statute.

The rights of the tenants in common are incident to their estate in the land as among and between themselves; the right of the appellant affects them collectively and adversely, and arises out of a particular statutory provision.

It was contended on the argument that the appellant

31

might be made a party *defendant*, as allowed by the statute (*The Code*, § 184). We cannot think so, because he does not claim " an interest in the *controversy* adverse to the plaintiff," nor is he " a necessary party to a complete determination or settlement of the question involved therein;" he has no connection with, or interest in, the controversy as to the *partition* demanded, nor is he a party necessary to a determination of the rights of the parties involved therein. And, for the like reason, he could not be made a party, as allowed by the statute (*The Code*, § 189), as contended by his counsel. *Colgrove* v. *Koonce*, 76 N. C., 363; *Wade* v. *Sanders*, 70 N. C., 277; *McDonald* v. *Morris*, 89 N. C., 99.

As we have suggested, the cause of special proceeding of the appellant is exceptional and peculiar, given by the statute (*The Code*, § 1436), for a particular purpose, that may arise in the course of settling and closing the estate of his intestate, and *he* must pursue the remedy given by the statute. He could not have his remedy in this special proceeding, unless by consent of all the parties, with the sanction of the Court. Such a course of practice as that insisted upon, if the Court could allow it at all, would in many—most—cases, lead to delay, increase of costs and give rise to, inextricable confusion.

In this case, the plaintiffs seek to have partition made of the land; the surviving widow is introduced, to the same end. She may have her dower assigned to her, and the appellant asks leave to come in and have a license to sell the land to make assets to pay debts, and all the accounts taken incident thereto and in the litigation involved! Three diverse, disconnected causes of special proceedings in one! *Carlton* v. *Byers*, 93 N. C., 302; *Clendenin* v. *Turner*, 96 N. C., 416.

It may be that the appellant, if he had brought his own special proceeding to sell the land to make assets, &c., could, for good causes shown, have restrained, by injunction, the tenants in common in this case from proceeding to have

partition thereof, until he could obtain a license to sell the land for the purpose mentioned.

So, the Court properly held, that the appellant administrator was not a proper party. We think, however, that the Court should have *stayed* the proceeding, until the appellant administrator could have reasonable opportunity to apply, properly, for a license to sell the land to make assets, &c. The defendants allege that partition ought not now to be made, because the land is chargeable to make assets, and this sufficiently appeared to warrant such order. It should be made, to prevent possible confusion among the parties, finally, and to the end that the land may be sold, if need be, for a better price, all embarrassment being out of the way. The judgment, modified as thus indicated, must be affirmed.

To that end let this opinion be certified to the Superior Court.

Modified and affirmed.