B. C. FOSTER, Admr., *v.* ISAAC NEWTON.

CHANCERY — PARTIES — PARTITION — ADMINISTRATOR IS NOT A PROPER PARTY. — An administrator is neither a necessary nor a proper party defendant to proceedings in chancery for partition.

APPEAL from the chancery court of Copiah county. MILLSAPS, J.

The facts of this case appear in the opinion of the court.

*H. B. Mayes*, for appellant.

*S. J. Morehead*, for appellee.

TARBELL, J. :

In 1867, John B. Deason was appointed county administrator of Copiah county, under the act of the legislature of that year, and qualified as required by law. The probate court of that county in May, 1868, the former administrator having been removed, appointed said John B. Deason county administrator, and, as such, administrator *de bonis non*, of the estate of H. C. Garner, deceased, upon the petition of

Wm. Garner, only child of the deceased. In March, 1869, Isaac Newton, a citizen of the same county, instituted a suit in the chancery court of that county against Wm. Garner, only child and heir of the above-named H. C. Garner, deceased, and John B. Deason, administrator, etc., for the partition or sale of lands owned and occupied as tenants in common by the complainant and deceased in his lifetime. Deason, while discharging the duties of the office of county administrator, and as such administrator *de bonis non* of the estate of H. C. Garner, deceased, was removed as such county administrator, by virtue of military order, No. 16, dated March 23, 1869, issued by the proper department commander.. Thereupon B. C. Foster, at a term of said probate court, in June, 1869, was appointed county administrator and qualified as such. In September, 1869, John B. Deason was by said probate court appointed administrator *de bonis non* of the estate of H. C. Garner, deceased, upon his own petition. At the October term, 1869, of the said chancery court, a motion in said partition suit was submitted, of which the following is a copy, to wit: "Isaac Newton v. John B. Deason and Wm. Garner. This day comes into court B. C. Foster and suggests that John B. Deason, former administrator of H. C. Garner, has been removed from office, and that the said B. C. Foster is now the lawful administrator of said deceased, and moves the court to have him made a party defendant in this cause in the place of said Deason, removed as aforesaid, and that he be permitted to plead," which was overruled.

At the same term of said court, the bill of complainant was taken for confessed against Garner and Deason for want of an answer, and thereupon a final decree was entered, ordering a sale of the lands described in the petition, according to its prayer.

From the decree overruling his motion to be made a party, and for leave to plead and from the said final decree, the said Foster appealed to this court, assigning for error the action of the court overruling his motion to be made a party

defendant, and for leave to plead, for which cause he asks that the decree be reversed.

The record contains a bill of exceptions, giving a copy of the petition for partition, and copies of all the orders at length referred to herein.

The attitude of this case may be more briefly stated thus : Deason, county administrator, and, as such, administrator *de bonis non* of the estate of H. C. Garner, deceased, and, as such, made defendant in the proceedings in partition, was removed from office as county administrator when B. C. Foster was appointed county administrator by the probate court. Subsequently Deason was appointed administrator *de bonis non* of said estate by the probate court. Thereafter Foster was refused leave to appear and plead, and a decree, *pro confesso,* was taken against Deason and Garner in the proceedings in chancery, as originally instituted, without other or further order, substituting Deason defendant under his last appointment in place of Deason, county administrator, etc., defendant, under his original appointment. No reason is furnished why the administrator was made a party to the application for partition, nor for any other action of the courts below.

By art. 48, p. 316, Rev. Code, "the parties interested" only are necessary parties in partition. How the administrator or the estate can be "interested" in the proceeding we are not informed by the record, nor can we conceive therefrom how either can be even remotely concerned. It does not appear that the administrator has yet any thing to do with the real estate sought to be divided or sold. If required for the payment of debts, the Code points out the steps to that end. §§ 11, 12, Probate Court Law, Code of 1857. The petition for partition and sale does not aver indebtedness of the estate of deceased, nor other reason for making the administrator a party thereto, nor does it set forth that the petitioner has any claim upon the coparcenary lands or proceeds of sale on account of payment of

purchase-money or otherwise. § 8, Code of 1857, p. 316; ib., §§ 11, 12, ch. 60; ib. art. 73, p. 551.

It is true that Deason, county administrator, and, as such, administrator *de bonis non* under his prior appointment, is a different person from Deason, administrator *de bonis non* under his appointment of September, 1869. The former was made a party to the partition proceedings, but the latter has not been. Deason was removed from the office of county administrator, but as administrator *de bonis non* he was not substituted in the partition suit in place of Deason, county administrator, etc. The sixth paragraph of the military order, by which the office of county administrator of Copiah was made vacant, is as follows: "Late incumbents of offices, rendered vacant by this resolution of congress, will retain custody of the books, papers and property of their offices, and transfer them to their successors when they shall have qualified." *Prima facie,* perhaps Foster, as the successor of Deason, county administrator, had a right to come in and defend, but the court denied him permission to do so, though upon what ground is not stated.

It is also true, that an administrator may voluntarily and upon suggestion appear in a suit to prosecute or defend, when he is a necessary or a proper party. Code, 456, art. 124; ib. 545, art. 32. So, a petition for partition is held to be in the nature of a bill in equity. Nesmith v. Dinsmore, 17 N. H. 515. And all persons "interested," as in our Code, are necessary parties in partition. Barb. on Parties, 286.

Apparently all parties and the court acted upon the idea that the administrator was a necessary party or had a right to be such.

In his argument, counsel for appellee tacitly treats the administrator as a proper party, but whether from the special circumstances or upon principle, he does not say. He insists, however, that the county administrator can take charge of an estate only by express assignment or direction of the probate court; that Deason's appointment as admin-

istrator in September, 1869, was in effect a judicial determination of the question of the claim of these parties to the administration; that the right of the county administrator to administer was thereby terminated; and that, thenceforth, Deason was the administrator of the estate, whereby questions are raised which we need not adjudicate. We infer from the argument of counsel that Deason, administrator *de bonis non* by virtue of his appointment in September, 1869, was considered thereby, and without substitution or further action of the court, a party defendant in the partition suit wherein he was made defendant originally, and was yet nominally a party, which was a mistake, as the Deason in the one case was not the Deason in the other. For this or some other reason not given, Foster, the successor of Deason as county administrator, was refused leave to appear and answer in the proceedings in partition. Was the court right in its action? Whatever the reason, the result reached was correct, except so far as the final decree was against Deason, wherein the court erred, as it ought to have directed a dismissal as to him, neither the administrator nor the estate he represented being "interested" in the partition, as far as is shown.

The rule that this court will not consider questions not raised in the court below is invoked in favor of a reversal of the decree herein. This rule is not considered as having any application to the case at bar. The request of Foster for leave to defend was a naked motion, without reasons therefor, as the refusal of the court is unaccompanied by the grounds of its action.

Of the opinion that the court reached a correct conclusion, upon the record, we are not within the rule sought to be applied, in stating, what seems to us, the true basis of such a conclusion. Whatever the reasons of action, we approve the result arrived at, and, in adducing grounds for our approval, we raise no questions not adjudicated in the court below, within the rule referred to, or we may infer the judgment of that court to have been based upon the reasons herein

adduced.  It may be considered significant that neither the co-tenant in common and co-defendant of Deason, nor Deason, are complaining of the final degree.  Foster fails to show why it is unjust, as he wholly neglects to show that he, or the estate he represents, is "interested" in, and, therefore, a necessary party to, the proceeding for partition. That Deason is a party to the final decree is a harmless informality, as it can bind nobody, nor affect any interest.

The order refusing leave to Foster to appear and answer to the petition for partition is affirmed.

A re-argument was applied for by counsel for appellant, and consented to by counsel for appellee, but refused by the court. — REPORTER.