FREDERICK BEECHER *vs.* BURR J. BEECHER AND OTHERS.

BURR J. BEECHER *vs.* FREDERICK BEECHER.

A petition for a partition of lands is prematurely brought, where the lands belonged to the estate of a deceased person, and it does not appear that the settlement of the estate has been closed and the administration account settled. Courts of equity will not lend their aid to enforce a forfeiture.

Where a party seeks the aid of a court of equity for relief against a forfeiture, and the forfeiture grows out of the non-payment of money within a time fixed, he must show that he has since tendered payment of the amount with interest. And if the tender was not accepted, he must aver in his petition that he is now ready and willing to pay the money.

PETITIONS for a partition and for an injunction; brought to the Superior Court in New Haven County. Facts found by a committee and both cases reserved together for the advice of this court. The facts are sufficiently stated in the opinion.

*J. T. Platt,* for the petitioner in the first case, and for the respondent in the second.

*W. C. Case* and *S. A. York,* for the respondents in the first case, and for the petitioner in the second.

FOSTER, J. The first of these petitions prays for the partition of certain lands, to which the plaintiff claims title in fee to one undivided third part, as one of the heirs at law of John Beecher, deceased. The second prays for an injunction to restrain the defendant from exercising any acts of ownership over the same lands, of which the plaintiff claims to be the sole rightful owner. Involving, as they do, substantially the same questions, both petitions were by the court below referred to a committee to find and report the facts. The report has been made and accepted, and the question what judgment shall be rendered in them severally, and what decree passed, is reserved for the advice of this court.

These cases present a melancholy spectacle, unfortunately but too common, of discord among brethren; a bitter strife for the possession of the paternal acres.

These parties are sons of John Beecher, who died on the 13th of July, 1871, seized of the premises in question. He left a widow, these two sons, and a daughter, Sarah, who constituted his heirs at law. About a month previous to his death, on the 16th of June, 1871, he made and executed in lue form of law a deed of the premises to Burr J. Beecher, one of these parties. This deed he deposited in the hands of Theodore F. Warner, with instructions to deliver the same

upon the grantor's decease to his son Burr, the grantee in the deed, if he would accept it, and promise to fulfill the conditions annexed to it. Those conditions were, that Burr J. Beecher, the grantee, should, within ten days after the grantor's decease, give to his brother, Frederick Beecher, his promissory note for $1,350, payable six months after date; that the grantee, within the same period of time, should also give to his sister, Sarah Perry, his promissory note for $850, payable six months after date; that the grantee should also reasonably provide for and maintain Jane Beecher, the widow of the deceased, during her natural life; and that the grantee should assume all the liabilities, of every nature, which might rest on the grantor at the time of his decease, and cancel the same within a reasonable time.

On the 22d of July, 1871, nine days after the death of John Beecher, Mr. Warner, the depositary of the deed, presented it to Burr J. Beecher, who, after learning its contents, accepted it, neither he nor his brother being aware of its contents till after their father's death. Upon the evening of the same day he executed two notes, one for $1,350, the other for $850, in compliance with the conditions in the deed, and left those notes the same evening with Warner, with directions to deliver them immediately to his brother Frederick, and his sister Mrs. Perry, respectively. Warner however did not present or offer the notes to the parties, respectively entitled to them by the conditions of the deed, within ten days from the date of their father's death, nor, during that period, was any offer of the notes made to them by any other person.

On the second of September, 1871, Burr J. Beecher made a formal tender to his brother Frederick of a note for $1,350, executed in compliance with the conditions of the deed. Frederick declined to accept it, saying the time had gone by. Burr then tendered his note for $850, executed in compliance with the conditions of the deed, to his sister, Mrs. Perry, which was accepted by her, and has since been paid.

After this time Burr and Frederick had conversations in reference to this matter, prior to the expiration of the six months specified in the condition of the deed. On one of

these occasions Frederick offered to take $1,300 cash in settlement, to which Burr replied, that if he would come at the end of the six months his money would be ready for him. Two or three weeks after the six months had expired Frederick called on Burr and demanded payment of the $1,350, and offered to take a note secured by mortgage on the premises, which Burr refused to give. After this time sundry letters passed between these parties, reaching no result, and only exhibiting, especially on the part of Burr, a spirit far removed from brotherly, and an apparent desire to plunge into lawsuits which should be as protracted and vexatious as possible.

The remaining conditions annexed to the deed are found to have been fully complied with by Burr.

On the 6th of December, 1873, Frederick Beecher made a formal entry upon the lands in question for condition broken. At the time of entry, he read aloud a formal declaration of his entry, claimed possession, and exercised various acts of possession and ownership over the tracts entered upon. A few days afterwards, on the 8th of December, he demanded of Burr, in person, possession of the premises as tenant in common with him and Mrs. Perry as heirs at law of John Beecher, which possession was refused. Offers of settlement, on certain terms, were afterwards made by Burr to Frederick, which Frederick declined. On the 5th of June, 1874, Frederick made a formal demand of Burr, to unite with him and Mrs. Perry in making a partition and division of the premises, claiming to hold one undivided third part thereof as tenant in common with Burr and Mrs. Perry. To this demand Burr then refused, and ever since has refused to accede. These petitions were instituted and served soon after this date; the first, on the 3d of July, 1874, and the last on the 3d of December following.

It further appears that Burr J. Beecher conveyed a portion of the premises to one Philip Swartz, by deed dated February 19th, 1872, and that Swartz mortgaged the same to Burr, by deed dated February 21st, 1872. Said Swartz, with Mr. and Mrs. Perry, was made a respondent in the partition suit, but neither of them has appeared.

We remark generally, as to both these petitions, as they now stand, that the prayer of neither can properly be granted; both should be dismissed.

As to the petition for partition, there are insuperable objections. Partition of lands, held in common, is matter of right, but this petition is prematurely brought. These lands belonged to John Beecher at the time of his death, and there is no allegation in the petition that his debts and liabilities have been paid, the settlement of the estate closed, and the administration account settled. The report of the committee does indeed state that Burr J. Beecher has complied with that condition in the deed to him respecting the liabilities of the grantor, but the record throughout fails to show that a settlement of the administration account, and a final settlement of the estate, have ever been made. For aught that appears, it is still in process of settlement. Now by section eight of part twelve, title "Partition and Sale," in the revision of 1875 of our statutes, it is expressly enacted that no application for the partition or sale of any part of any estate, pending for settlement, shall be made, until after the settlement of the administration account, and a final settlement of such estate. It is true that this statute, in its present form, was not in force at the date of this petition, the revision in 1874 not taking effect till January 1st, 1875. Still, in the absence of any such statute, we think that the reasons are many and weighty why no partition of an estate should be made pending its settlement in the court of probate.

We are not satisfied that the title of Frederick Beecher to the lands described, or the character of his possession, is such as to entitle him to the partition demanded. That he is one of the heirs at law of John Beecher, and has done acts of possession and ownership upon the premises, is found to be proved. His title to those lands however is disputed. They are claimed by his brother, and it seems to be admitted that, had his brother performed fully all the conditions imposed on him by the deed from their father, his title would be good. He has not so performed those conditions. He has performed in part, and failed in part. Has his failure worked

a forfeiture of the estate, so that it has descended to the heirs at law of John Beecher? And if such forfeiture has been incurred, do the subsequent negotiations between the parties, and the offers of settlement made by Frederick to Burr, amount to a waiver of such forfeiture?

To recognize a title in Frederick, so as to entitle him to the relief he asks, we must declare the title of Burr, under his deed, to be forfeited for non-performance of the conditions on which it was to be held. It is not the proper function of this court, sitting as a court of equity, nor of the Superior Court, sitting in the same capacity, on a petition of this character, to decide this question. The petitioner should establish his title, resting as it must on a forfeiture, by a judgment at law. It is a universal rule in courts of equity not to lend their aid to enforce any penalty or forfeiture. Story on Eq. Plead., 399. Besides, it may be a nice question whether the party plaintiff in this case has not waived his right to insist on a forfeiture, even if one has been incurred.

The character of the plaintiff's possession is not wholly free from difficulties in considering the question of his right to a partition of the premises.

He made a formal entry for condition broken on the 6th of December, 1873, and in his petition avers that he thereby became fully vested with the seizin, possession, &c., of one undivided third part of the premises. But the report shows that afterwards, on the 8th of December, 1873, he demanded of Burr possession of the premises as tenant in common with him and Mrs. Perry, which possession was refused. The report further states that Frederick, subsequent to his entry as above stated, has exercised various acts of possession and ownership upon the premises. Burr however, it seems, constantly denied his right to any possession, and at length procured an injunction against him restraining him from acts of ownership, and from cutting or carrying away any wood or timber from the premises.

In view of all these circumstances, we have no hesitation in advising the Superior Court in this case to render judgment for the defendant and to dismiss the petition.

We are equally clear that the prayer of Burr J. Beecher's petition, as it now stands, should be denied, and that the petition should be dismissed, and we so advise the Superior Court. Without having performed a most important condition annexed to the deed under which he claims title, he asks, in effect, to have his title recognized and validated, as if he had fully performed all those conditions. He has never paid his brother a cent of the $1,350, which, by the terms of the deed, he was to pay him within six months and ten days after his father's death. It would be grossly unjust and inequitable that he should hold these lands without paying this money. It is true that he has complied with the other conditions in the deed, and has made offers, at times, to pay or secure payment of this sum of $1,350. These acts entitle him to equitable consideration. But to have equity he must do equity. He must pay his brother this sum of $1,350, or tender payment, with interest from the time it was due, and aver such tender or payment in his petition, and then he will be entitled to relief from the forfeiture of his estate which he may have incurred. If the tender was not accepted, he must of course aver that he is now ready and willing to pay the money. A bill for relief properly framed on this principle should be favorably entertained and allowed. The present bill, we think, may be amended so as to attain this end, should the party desire it and elect that course to accomplish it. If not, we advise that the bill be dismissed.

In this opinion the other judges concurred.