### E. I. RICHARDS *vs.* JOSIAH D. RICHARDS.

Bristol.　Oct. 23. — Nov. 30, 1883. FIELD & W. ALLEN, JJ., absent.

Judgment was rendered upon the report of commissioners on a petition for partition of land, that their report be accepted and " partition be made firm and effectual forever ; " and it was further ordered that the case be " continued *nisi* upon the question of costs." Before any adjudication upon this question, the petitioner died, and his administrator was admitted by the court to prosecute the case. *Held,* that the administrator was erroneously admitted to prosecute ; and that costs could not be awarded against the respondent.

PETITION for partition, filed September 20, 1875. At the trial in the Superior Court, before *Mason,* J., the petitioner alleged exceptions to a ruling, which, together with the material facts, appears in the opinion.

*H. J. Fuller,* for the petitioner.

*C. R. Train,* for the respondent.

DEVENS, J. The petition for partition of real estate is a strictly statutory proceeding, and the right of the administrator, if it exist at all, to intervene, must be found in, or necessarily result from, the provisions of the statute. Judgment having been rendered upon the report of the commissioners, that their report be accepted and " partition be made firm and effectual

forever," it was further ordered that the case be " continued *nisi* upon the question of costs." Before any adjudication upon this question, the petitioner died, and his administrators have been admitted by the court to prosecute the case. As under the St. of 1877, *c.* 106, (Pub. Sts. *c.* 178, § 29,) the costs to a certain extent are within the discretion of the court, and to be paid in such manner as it shall direct, it is contended on behalf of the administrators that they were rightfully thus admitted, and may now press to adjudication, and have execution for the amount so adjudicated, if anything, against the respondent. But the right of an administrator to come in and prosecute or defend a suit depends solely upon the statute. *Fales* v. *Stone,* 9 Met. 316. There are no provisions by which administrators can be made parties to petitions for partition upon the death of their intestate. Pub. Sts. *c.* 165, §§ 20–22.

Under the Rev. Sts. *c.* 93, §§ 14–18, which gave authority only for the " heir of the deceased party " to appear and prosecute, it was held that the devisee could not be permitted to appear. *Brown* v. *Wells,* 12 Met. 501. *Drake* v. *Curtis,* 1 Cush. 395. It would certainly be a far greater extension, by construction, of the statute, which now permits heirs and devisees before final judgment to appear and prosecute such a petition, to hold that an administrator may do so, if he seeks only to recover costs which it is within the discretion of the court to award. If the effect of holding that the administrators are not entitled to appear is to prevent an appeal to the discretion within which, under the St. of 1877, *c.* 106, it may award costs to the petitioner in cases where the petitioner has deceased before this inquiry has been adjudicated, it is by reason of an omission in the statute which we cannot supply. As we are of opinion that the administrators were improvidently admitted to prosecute this case, it was correctly ruled that, in this position of the case, costs could not be awarded against the respondent; and it is unnecessary to consider other questions raised and discussed in the argument.                *Exceptions overruled.*