WILLIAM W. LYON AND GRAY S. HENDRICK'S EX-ECUTORS, APPELLANTS, vs. WILLIAM REGISTER, APPELLEE.

| | |
|---|---|
| 36 | 273 |
| 39 | 148 |
| 36 | 273 |
| 40 | 139 |
| 36 | 273 |
| 43 | 297 |
| 36 | 273 |
| 46 | 531 |
| 36 | 273 |
| 50 | 520 |

1. In case of the death of a co-tenant, his or her heirs or devisees become co-tenants with the other joint owners, and where such death happens during the pendency of a suit for parti-tion, it is necessary that the heirs or devisees be made parties defendant before proceeding with the partition.

2. At common law an executor equally with an administrator is the representative of the personalty only, and where it is not shown that by the will the executors are invested with and authorized to represent the title, they are not proper parties to represent the heir or devisee in partition proceedings.

3. The rights and interests of necessary and indispensable parties can not be adjudicated when they are not properly before the court.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the oipnion of the court.

*Walker & L'Engle*, for Appellants.

*Cooper & Cooper*, for Appellee.

BRIEF OF COOPER & COOPER, FOR THE APPELLEE.

Appeal from an order of Circuit Court overruling a plea in a chancery suit for partition brought originally by appellee; William Register, against Elizabeth A. Hendricks and many others to partition certain lands described in the bill.

This is an appeal taken by three of the defendants, the executors of the will of said Elizabeth A. Hendricks, who died pending the bill.

There has been no joint appeal by all the defendants, and no summons and severance as to the other defendants. These two defendants can not alone maintain the appeal. The other defendants to the bill are not before the court, and the court can not proceed without them. Whitlock vs. Willard, 18 Fla. 156.

This action was a bill filed by William Register, as the sole heir of his wife, for partition of certain lands in Duval county. The bill alleges that these lands, about 300 acres, were owned by one William I. Hendricks, in his life time, and in 1852, at the time he attempted to convey same directly to his wife, Elizabeth A. Hendricks, this land was all the estate and property he owned, and worth about $1,500.00. That at this time he had four minor children, and subsequently two more were born to them. That William I. and Elizabeth A. Hendricks lived on this land until his death in 1873, and his children continued to live on said land thereafter, and up to a short time before filing of bill several of them lived on the land.

That William I. Hendricks continued to exercise control, possession and ownership of said property and all deeds executed by him of portions of the land after said deed from Hendricks to his wife, were ex-

ecuted by him, his said wife joining, to relinquish dower.

The only defense made by the executors of Elizabeth Hendricks is by a plea, that she acquired title to all this land by said deed from said William I. Hendricks to his said wife Elizabeth, and therefore his children have no right to partition said land.

The question presented is, does this plea state a complete defense to the bill?

The plea was bad and properly overruled, because it shows no title in the land in the *executors* of Elizabeth A. Hendricks under her will, and therefore shows no right or authority in them to defend a suit for partition. The heirs at law, children of William I. and Elizabeth A. Hendricks, are all defendants and do not appeal.

Executors, as such, can not defend in partition. They must show title in themselves to the land under the testator's will. Whitlock vs. Willard, 18 Fla. 156, and cases cited.

The plea considered on its merits, however, presents no defense to the bill. The bill alleged that the deed in dispute conveyed from William I. Hendricks direct to his wife all his estate and property, and shows that he had six children to support. The appellee contends that even in equity deeds direct from husband to wife will not be enforced where the conveyance is not simply a reasonable provision for the wife, but is the husband's *whole estate.*

The language of Story's Eq., sec. 1374, is emphatic: "If a husband should by deed grant all his estate or property to his wife, the deed would be held inoperative in equity as it would be in law, for it could in no just sense be deemed a *reasonable provision for her,*

(which is all that courts of equity hold a wife entitled to)."

In this case at bar a man with four dependent children conveys to his wife all his estate, worth about $1,500.00, that makes a case of unreasonable and extravagant gift which will not be supported in equity. See Story's Eq. juris sec. 1374; *Beard vs. Beard, 3 Atkins 72*, the leading English case, in which Lord Hardwiche denounced such a deed; see also Warlick vs. White, 41 Am. Rep. 455; Shepard vs. Shepard, 7 Johnson ch. 761; Sims vs. Rickets, 9 Am. Rep. 679 (35 Ind. 181); Benedict v. Montgomery, 43 Am. Dec. 234; Hunt vs. Johnson, 4 Am. Rep. 632, and 44 N. Y. 27; 1 Bishop on Married Women, sec. 717; (for additional citations see *page 8*).

We understand all these cases to hold, that voluntary deeds from husband to wife will not be supported where the facts show that the deed covers all his estate and would impoverish him when he has a family dependent upon him.

The courts of equity only treat the husband as a trustee of the title for his wife, and in all cases where it would be inequitable to enforce the deed against him if living, it will not be enforced against his heirs. 41 Am. Rep. 455.

Counsel for appellants contend that the facts of the case do not show *excessive provision* for Elizabeth Hendricks.

The deed covered all of his estate and left him without property to support four children, and two more born afterwards, and was the very house and farm on which they lived. Would a court of equity have enforced this deed against him? Clearly not. Then it never became of force, and can not be realized on in a suit against his children and heirs at law.

JUNE TERM, 1895.          277

Lyon and Hendrick's Executors v. Register.—Argument of Counsel.

The whole burden of the appellant's argument is that the deed from Hendricks to his wife was valid unless complainant below showed same to be "an excessive provision" for his wife, and that the bill does not specifically state that such deed was "an excessive provision." No such allegation was necessary. Such allegation would have been mere argument or statement of a *conclusion* which should rather be deduced from the *facts stated* in the bill.

The facts stated in said bill show the value of this estate at the date of said deed to have been about $1,500.00; that it was all the estate Hendricks owned, and that he conveyed it all direct to his wife, and that he had a family of six children. This did constitute an excessive provision for his wife. Suppose she had refused to join in any conveyance of the land, which was in her power if this deed was valid; suppose after his death she had refused to permit either or any of said children to reside on said land, or to give them any part of it, or the money or proceeds thereof. It gave her his *whole* estate and his children *nothing.* Was not this excessive for her, compared with his means and the obligation on him and his children's claim on him? Clearly such provision was excessive, did prevent him from providing for his children; and they ought to have a right in equity to complain of it, and to have set apart to each of them a portion of their father's old homestead.

The defects of the argument of the appellants' attorney are, that they loose sight of the fact that a father and husband can not be permitted to divest himself of the *power* to provide for his family, both during his life and at the time of his death. It makes no difference that Elizabeth A. Hendricks *permitted him* to do with the property while he lived. The legal en-

quiry is, was he deprived of giving his children property to exist upon or with proceeds of, if she refused to join him in the conveyance, or to allow them any part of the same after he died. And this is clearly the case here.

The authorities supporting a deed direct from husband to wife, and holding it to be valid, will be found generally in the states where the subject is regulated by statute, as in Michigan, Mississippi, Maine, California and Iowa. A direct conveyance of land from husband to wife even when valid vests in her only an equitable estate, the legal title remaining in her husband, to be enforced only if consonant with the principles of equity. Powe vs. McCloud & Co., 76 Ala. 418.

The case of Waterman vs. Higgins, 28 Fla. 660, is clearly distinguishable in its facts from the case at bar. In that case the deed was to the wife for life, and remainder to the only dependent child, all the other children were grown, and had been *previously provided for*. There the husband was old and about to die, and he simply provided for his wife and only dependent child.

The facts of the cases cited by the defendant's solicitor show that the husband in those cases had no one dependent upon him other than his wife, or that the gift was but a portion of his property, or that some special consideration entered into the decision.

In Majors vs. Everton, 31 Am. Rep. 67, one child of the father sought to set aside a deed from Majors to his wife, and on the grounds that the same was without consideration and that the land had been purchased with a deceased daughter's money, this last ground was not established by the testimony, and the first held insufficient, but it nowhere appeared in the case

that the deed *covered all of his property*, and that at the time the deed was made he had a large dependent family.

In Jones vs. Clifton, 101 U. S. 226, it appeared that the husband was worth $250,000.00 when he made the deed, and the deed covered only a small part of his estate.

In Wood vs. Bradley, 47 Am. Rep. 754, a married daughter and husband bring bill against second wife of a very aged man to set aside a deed made a short time before his death on the ground of undue influ-ence, weak mind of the grantor, etc. All of these last charges were denied and not proven. The bill does not seem to have gone upon the theory that the deed was void because of an excessive provision for the wife when made, but on the ground of undue in-fluence of the grantee and weak mind of the grantor which facts were not proven.

The facts show that these were all the *lands* he owned, but it does not appear that it in fact impover-ished the husband, he was old and about to die, and made this deed instead of a will, but that is not the case at bar. In the case at bar there was a voluntary gift of all with no reasons for it, making a clear case on the facts as they now stand of unreasonable pro-vision.

In Harder vs. Harder, 33 Am. Rep. 168, the heir contesting the deed was of *full age at the time the deed was made and not* dependent on the husband for support, on this the case went off, and the general doctrine that deed from husband to wife may be sup-ported in equity, but it does not appear that it was of all the property, and at the time it was not an unrea-sonable provision for the wife.

We insist that the case at bar is essentially different in its facts from any of those cited by defendant's solicitors.

It will be further observed that Hendricks treated the property as his own and neither party regarded this deed as binding to convey the fee to Elizabeth Hendricks as seen from her acknowledgements of dower simply, and his control over the property.

· The simple plea of this deed from husband to wife does not present a sufficient defense to the bill.

MABRY, C. J.:

In April, 1888, the appellee filed a bill in chancery against Elizabeth A. Hendricks, and several other persons for the purpose of having certain real estate described in the bill partitioned among the complainant and the defendants. Complainant alleged that he was the owner of one-sixth undivided interest in the land, and the proportionate shares owned, or claimed to be owned, by the defendants are set out. Complainant's interest is derived as follows: William I. Hendricks, it is alleged, died in 1873, seized and possessed of the land, and leaving as his widow Elizabeth A. Hendricks, and seven children. One of the children, Emma S. Hendricks, intermarried with complainant in 1884, and died in 1886, leaving no child or children, and complainant was the sole heir of his deceased wife. The surviving children, except one who died while a minor, and without issue, and many others alleged to be claimants of portions of the land, are made defendants along with the widow, Elizabeth A. Hendricks. The widow, Elizabeth A., who, it is alleged, made claim to all the land, died after the filing of the bill and service of process on her. Thereafter, upon pro-

duction of a certified copy of letters of executorship on the will of said decedent, William W. Lyon and Gray S. Hendricks, who are the executors named, were made parties defendant as such executors. A copy of the will is not before us, and the letters produced recite that Lyon and Hendricks were named executors in the will, and they are authorized as such executors to administer all and singular the goods and chattels, rights and credits of the testatrix, and pay her debts, if any, and also have and hold, for the purposes directed in the will, all the estate of the testatrix during the continuance of their administration, or until the power and authority granted them should be revoked according to law.

The executors named interposed a plea to the effect that in April, 1852, William I. Hendricks executed and delivered to his wife, Elizabeth A., a deed, whereby he conveyed to her all the real estate mentioned in the bill, and that said deed was recorded in the office of Clerk of the Circuit Court for Duval county, Florida, on the 28th day of April, 1852. By virtue of this deed, it is alleged that the wife, Elizabeth A. Hendricks, became seized of an estate in fee in all the said lands, except such as she had conveyed, and that she continued so seized until her death. That neither complainant nor any of the defendants, except those mentioned in the bill as having distinct parcels of the land, had any right, title or interest in the lands sought by the bill to be partitioned; and further, that said Elizabeth A., since the death of her said husband, remained continuously seized and possessed of said real estate in her own right, and that the various parcels alleged to be held by the other defendants are held by them under deeds lawfully executed by her for valuable consideration. The cause being heard upon the

plea of the executors, the same was overruled on the ground that the deed therein mentioned was void. The executors, Lyon and Hendricks, appealed, and they insist here through their counsel that the ruling of the court was erroneous.

Suit involving a partition of the same land was originally instituted in the name of Mrs. Register in her life-time, and she having died pending the suit, J. C. Greeley was made her administrator. The result of · the attempt to carry on the suit in the administrator's name is recorded in the case of Greeley vs. Hendricks, 23 Fla. 366, 2 South. Rep. 620. In that case it was held, as it had been decided before in Whitlock vs. Willard, 18 Fla. 156, that an administrator can not maintain a suit for partition of land under the statutes of this State.

In proceedings simply to partition real estate an administrator is no more a necessary or proper party defendant than he is complainant. Foster vs. Newton, 46 Miss. 661; Freeman on Cotenancy and Partition, sec. 471. In case of the death of a cotenant his heirs or devisees become cotenants with the other joint owners, and where such death happens during the pendency of a suit for partition, it is necessary that his heirs or devisees be made parties defendant before proceeding with the partition. Pearson vs. Carlton, 18 S. C. 47; Requa vs. Holmes, 16 N. Y. 193; S. C. 26 N. Y. 338; Ewald vs. Corbett, 32 Cal. 493. It is true that under our statute making real estate assets for the payment of debts an administrator could maintain ejectment for the possession of such estate, but this did not invest him with title so as to give him the status of a necessary or proper party in mere partition proceedings. Whether an administrator can under

JUNE TERM, 1895.. 283

Lyon and Hendrick's Executors v. Register.—Opinion of Court.

our present statute maintain ejectment, has not been decided. But the administrator's right to possession under the former statute did not divest the heirs of their title in fee, and such possession was for administrative purposes only. It is said in Whitlock vs. Willard, *supra*, in speaking of the right of an administrator to maintain a suit for partition, that "he is not either a joint tenant, a tenant in common or coparcener, nor do his rights and powers as to the real estate involve the rights of partition." At common law the executor equally with the administrator is the representative of the personalty only, and by virtue of his office he has no right to the lands of his testator. Tindal vs. Drake, 51 Ala. 584. There is nothing in the record to show that the executors, Lyon and Hendricks, were invested by the will with any such title as to make them proper parties in their representative capacity in the present proceedings. They appear here simply as executors of the estate of Elizabeth Hendricks, deceased, and their powers as such over the realty do not involve the right of partition.

The Circuit Judge determined the validity of the deed from William I. Hendricks to his wife on the plea of her executors alone, without any pleading on the part of any of the other parties to the suit. Some forty persons are alleged to have interests in the land, and are named as defendants in the bill, but there is nothing to show that any of them, except Elizabeth A. Hendricks, were ever served with process, appeared in the suit, or filed any pleading therein. The rights of these parties can not be determined in their absence and upon a plea of parties who have no right, so far as the record shows, to represent the legal title.

The question argued by counsel for appellants—the legal sufficiency of the deed from the husband, Wil-

liam I. Hendricks, to his wife—can not be considered on the record, for the reason that necessary and indispensable parties were not before the court; and the decree rendered was, for that reason, erroneous.

The decree appealed from will be reversed and the cause remanded for such further proceedings as may be conformable to law. An order will be entered accordingly.