RICHARD L. NELSON, APPELLANT, VS. WILLIAM P. HAISLEY AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF ANNIE M. B. PRENTISS, DECEASED, E. W. AGNEW AS TTUSTEE FOR ANNIE M. B. PRENTISS, JULIA S. HAISLEY AND WILLIAM P. HAISLEY, HER HUSBAND, APPELLEES.

1. The rights and interests of necessary and indispensible parties can not be adjudicated when they are not properly before the court.

2. Where a cotenant defendant dies pending a suit for partition, it is necessary that the heir, devisee or other person authorized to represent the title of such cotenant be made a party defendant before proceeding with the partition.

3. The executor of a deceased cotenant in partition is not a proper party to represent the heir or devisee of such deceased cotenant, where it is not shown by the will that such executor is invested with, and authorized to represent the title to, the property involved in the partition proceeding.

10

4. The trustee of a cotenant defendant in partition is not a proper party to represent the title held by the trustee for the benefit of his *cestui que trust*, after the death of the latter, in the absence of a showing that the trust continued after such death, and a further showing of powers and title in such trustee sufficient to authorize him to represent the property sought to be partitioned without the presence of his new *cestui que trust* as a party defendant

Appeal from the Circuit Court for Marion county.

STATEMENT.

Appellant on August 26th, 1887, filed his bill for partition against Annie M. Butt Prentiss, and Thomas D. C. Prentiss, her husband, E. W. Agnew as trustee for the said Annie S. Haisley and William P. Haisley her husband, in the Circuit Court of Marion county, in which it was alleged that complainant was the owner of an undivided one-half interest in the real estate sought to be partitioned; that the other interest was formerly owned by one Alfred C. Brown, who had disposed of his interest in the premises to one Dr. Ze-Butt, a former husband of Mrs. Prentiss; that in 1883 Dr. ZeButt. by a deed of trust, conveyed to Mary M. Simmons, as trustee for the benefit of his said wife, the premises sought to be partitioned, and in said deed gave his said wife power to substitute another trustee, and under which power Mrs. Prentiss, after the death of Dr. ZeButt, substituted E. W. Agnew as trustee instead of said Mary M. Simmons, and that said Annie M. B. Prentiss was at the time the bill was filed in possession of the premises, "under the same tenure thereof as her deceased husband had for the said Alfred C. Brown as the tenant in common with your orator." Mrs. Haisley was the widow of Alfred C. Brown, then deceased, and was made a party in order

that any right claimed by her in the premises might be adjudicated. Other allegations of the bill need not be stated in view of the defect of parties referred to in the opinion.

The defendants filed a demurrer to this bill, which was overruled, and afterwards they filed an answer, which, among other things, denied any interest in the premises on the part of appellant, and claimed the entire premises to be the property of Annie M. Butt Prentiss under the trust deed mentioned in the bill, and under tax titles acquired in 1887 and 1888, and by adverse possession on the part of Dr. ZeButt and his widow, Mrs. Prentiss, for more than seven years prior to filing of the bill.

After replication filed, the case was dismissed as to Thomas D. C. Prentiss because of a divorce *a vinculo matrimonii* granted to Mrs. Prentiss. Subsequently appellant suggested the death of Mrs. Prentiss, and by consent of W. P. Haisley, executor of her last will, said Haisley, as executor, became a party defendant. By agreement the testimony was taken by an examiner, who reported it to the court; and the court upon a hearing had upon the pleadings and testimony, dismissed appellant's bill, and gave judgment against him for costs, from which he appealed. The trust deed from Dr. ZeButt to Annie M. B. Prentiss, the will of Annie M. B. Prentiss, and letters testamentary issued thereon to William P. Haisley, were not made exhibits or set forth in the pleadings, nor introduced in evidence.

The other facts in the case are stated in the opinion of the court.

*John G. Reardon*, for Appellant.

*Thos. F. King*, for Appellees.

CARTER, J.:

We held in Lyon and Hendricks' Executors vs. Register, 36 Fla. 273, 18 South. Rep. 689, that the rights and interests of necessary and indispensable parties can not be adjudicated when they are not properly before the court, and that where a co-tenant defendant dies pending a suit for partition it is necessary that the heir or devisee of such co-tenant be made a party defendant before proceeding with the partition, and that the executor of such deceased co-tenant is not a proper party to represent the heir or devisee where it is not shown by the will that such executor is invested with and authorized to represent the title. These principles are decisive of this appeal. If, upon the death of Mrs. Prentiss, the trust upon which Mr. Agnew held the estate terminated, and the title to the property devolved upon the legatees under Mrs. Prentiss' will, they should have been made party defendant, or there should have been a proper showing that the executor was by the will invested with and authorized to represent the title. If the trust continued after the death of Mrs. Prentiss there should have been a proper showing of this fact, with allegations of title and powers in the trustee sufficient to authorize him to represent the property sought to be partitioned, without the presence of his new *cestui que trust* as a party defendant. Rivas vs. Summers, 33 Fla. 539, 15 South. Rep. 319.

The decree appealed from is reversed, and the cause remanded for further proceedings consistent with this opinion.