[Sac. No. 520. In Bank.—October 27, 1899.]

MARY JANE RYER, Administratrix, et cetera, Respondent, v.
FLETCHER RYER COMPANY, Appellant.

PARTITION—ESTATES OF DECEASED PERSONS—ADMINISTRATOR NOT ENTITLED TO SUE.—The administrator of the estate of a deceased person has no such interest in the land of the deceased as to entitle him to institute partition proceedings, unless power is expressly given him by statute; and no such power is conferred upon him in this state.

ID.—CONSTRUCTION OF CODE—RIGHTS OF HEIRS AND DEVISEES—POSSESSION OF ADMINISTRATOR.—The land of a deceased person vests immediately upon his death in his heirs and devisees, subject to the payment of his debts; and the intent of section 1581 of the Code of Civil Procedure is not to give the administrator the right to sue for partition of the estate, but to give to the heirs and devisees the benefit of the administrator's possession for the purpose of their maintaining the actions described in that section, including suits by them for partition of the estate.

ID.—CASE QUESTIONED—OBITER DICTUM.—The language used in the case of *Bath v. Valdez*. 70 Cal. 350, as to the right of an administrator to sue for partition of the estate, was not necessary to the decision of the case, and is *obiter dictum*.

APPEAL from an interlocutory judgment of the Superior Court of Solano County in an action for partition. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

Morris M. Estee, and O. R. Coghlan, for Respondent.

THE COURT.—This action was brought by plaintiff, as administratrix of the estate of William T. S. Ryer, deceased, against the defendant corporation for the purpose of having the lands described in the amended complaint partitioned according to the respective rights of the plaintiff as such administrator and of defendant corporation.

A demurrer was interposed by defendant to the amended complaint, and overruled. The defendant then answered, and after trial an interlocutory judgment or order was entered ordering the property to be partitioned in certain proportions, and appointing referees to make such partition. The defendant

has appealed from said interlocutory judgment. The first point urged is, that the court erred in overruling the demurrer to the amended complaint. The question for determination here is as to whether the administratrix of the estate of deceased, in her representative capacity, can maintain an action for the partition of real estate owned by deceased at the time of his death as tenant in common with defendant. Partition under our code is a special statutory proceeding. (*Waterman v. Lawrence,* 19 Cal. 218; 79 Am. Dec. 212; *Gates v. Salmon,* 35 Cal. 597; 95 Cal. 276.)

We must, therefore, look to the statute for the authority to bring the action. It is provided in our code (Code Civ. Proc., sec. 752): "When several cotenants hold and are in possession of real property as parceners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof," et cetera.

The plaintiff is not one of the parties named in the statute. She is not a cotenant either as parcener, joint tenant, or tenant in common. The code (Code Civ. Proc., sec. 1675 et seq.) provides that in probate proceedings "when the estate, real or personal, assigned by the decree of distribution to two or more heirs, devisees, or legatees, is in common and undivided, and the respective shares are not separated and distinguished, partition or distribution may be made," et cetera, but the proceeding in this case is not claimed to be under the authority given by this section of the code, and in fact is not a proceeding in the estate, but an action in the superior court for partition. We look in vain for any authority to bring such action, and our attention has been called to none. The estate of a deceased vests immediately upon his death in his heirs or devisees, subject, of course, to the payment of his debts. The administrator is entitled to the possession of the estate for the purposes of administration. It is his duty to preserve it and distribute it as the court may direct. He may, for certain purposes named in the statute, sell either the real or personal property by order of the court first obtained. He cannot represent either side in a contest between heirs, devisees, or legatees. He should perform his duty, preserve the estate, pay the debts, and turn over the property to

the parties to whom it is given by decree of the court. (*Roach
v. Coffey,* 73 Cal. 282.)

The statute (Code Civ. Proc., sec. 1582) gives the adminis-
trator the right to maintain actions for the recovery of any
property, real or personal, or for the possession thereof, or to
quiet title thereto, or to determine any adverse claim thereto.
But this is not such action. It is said that authority to bring
this action exists under the Code of Civil Procedure, section
1581, which provides: "For the purpose of bringing suits to
quiet title, or for partition of such estate, the possession of the
executors or administrators is the possession of the heirs or
devisees; such possession by the heirs or devisees is subject, how-
ever, to the possession of the executor or administrator, for the
purposes of administration, as provided in this title." We
think the section refers to and contemplates actions by the
heirs or devisees for quieting title to or partitioning the prop-
erty of the estate; the intent being to give the heirs or dev-
isees all the rights which actual possession would give them,
and to make the possession of the administrator the same as
if the heirs or devisees were actually in possession, preserving,
however, all the rights of the executor or administrator for the
purposes of administration. This construction is consistent
with the authority expressly given to the heirs or devisees to
maintain actions in ejectment or for the purpose of quieting
title by section 1452 of the Code of Civil Procedure. The
"partition of such estate" evidently refers to suits brought by
the heirs or devisees. The possession of the administrator does
not divest the heir or devisee of the fee. His possession is for
the heirs or devisees who are the owners and seised in fee, sub-
ject to the temporary right of the administrator to the posses-
sion and subject to the defined statutory authority and powers
of sale given to the administrator. In partition proceedings,
all parties are actors, and a judgment in the case binds all par-
ties, the plaintiff as well as the defendant. The administrator
performs his trust when he carefully preserves the property and
delivers it over to the heir or devisee with such title as the de-
ceased had at his death. Whether it be an estate in fee, for
life or for years; whether it be the entire fee or an undivided
interest as tenant in common, it should follow the same rule,
and after the administration go to its rightful owner.

In Freeman on Cotenancy and Partition, section 454, it is said: "An administrator, though the estate be shown to be insolvent, has no such seisin in the land of the deceased as entitles him to apply for partition."

The same rule is laid down in "The American Law of Administration" by Woerner, second edition, volume 2, section 567, pages 1244, 1245. It is, we believe, universally held that the administrator of an estate has no such interest in the land as entitles him to institute partition proceedings unless power is expressly given him by statute, as in Indiana and Utah. (*Whitlock v. Willard*, 18 Fla. 166; *Foster v. Newton*, 46 Miss. 661; *Speer v. Speer*, 14 N. J. Eq. 240; *Nason v. Willard*, 2 Mass. 478; *Richards v. Richards*, 136 Mass. 126; *Tindal v. Drake*, 51 Ala. 578; *Campau v. Campau*, 19 Mich. 116; *Beecher v. Beecher*, 43 Conn. 560; *Throckmorton v. Pence*, 121 Mo. 58; *Nelson v. Haisley*, 39 Fla. 145; *Garrison v. Cox*, 99 N. C. 478.)

In the case of *Whitlock v. Willard, supra,* it is said: "In the matter of partition in equity, however, we cannot see where, either before or since the statute of this state controlling this subject, an administrator can be held to have such right, and we have been unable in our examination to find a single case which sustains such proposition. On the contrary, the law as announced, so far as we know, without exception, under every statutory policy, is that he cannot."

Counsel quote a sentence from *Bath v. Valdez,* 70 Cal. 350, in which it is said: "Actions may be maintained by the executor or administrator of an estate to recover possession of the real property, for partition thereof, or to quiet title thereto." The language used was not necessary in the case, as no question was in any way at issue involving the right of an administrator to maintain an action for partition and was clearly *obiter dictum.* It becomes unnecessary to discuss the many other questions in the case.

The judgment is reversed, and the court below directed to dismiss the action.