[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 9, 1997, extensive oral argument was held in the three above matters. I have reviewed the written submissions and considered the arguments raised, and cases mentioned, by all counsel, including Attorney Rosenblit on behalf of Richard E. Zajicek.
Knowledge of the underlying facts is assumed. A summary of some of the history underlying these cases is set out in my February 27, 1997, Memorandum of Decision in the related case ofEstate of Edwin C. Zajicek, Appeal from Glastonbury ProbateCourt, Docket No. 93-528186. In summary, the decedent, Edwin C. Zajicek died on May 10, 1990 — more than seven years ago. His last will and testament was admitted to probate on June 7, 1990. On May 26, 1993, Glastonbury Probate Judge Donald L. Hamer approved the final administration account, made written findings, and issued orders and decrees relating to decedents' estate. On June 24, 1993, the Probate Court granted Richard E. Zajicek's motion for appeal. Various proceedings ensued.
These three matters are now ready for decision.
1. Richard E. Zajicek vs. Glastonbury Probate Court, Docket No. CV-96-0561770-S.
This involves an appeal from probate. In his July 3, 1996, Statement of Reasons for Appeal, appellant indicates that on April 3, 1996, he filed a motion to remove Attorney Thomas Kane as attorney for Olga Zajicek, but that the motion was denied by Judge Hamer with prejudice on April 29, 1996. Appellant claims to CT Page 5471 be aggrieved by Judge Hamer's order "since he is an heir-at-law to the Estate of Olga Zajicek and is interested and concerned about the distribution and use of the estate." Statement of Reasons for Appeal, Paragraph 5.
The pending motion is the February 26, 1996, Motion to Dismiss of the defendant Walter A. Twachtman, Jr., conservator of the estate of Olga Zajicek.[1]
The motion to dismiss is granted, first, because Section45a-186 of the Connecticut General Statutes allows appeals to be taken by "any person aggrieved, " and on the present record plaintiff in this case is not an aggrieved person. See In reCharles H. MacEslin, 11 Conn. L. Rptr. No. 4, 104 (April 4, (1994); Buchholz's Appeal From Probate, 9 Conn. App. 413, 416
(1987); Doyle v. Reardon, 11 Conn. App. 297, 304 (1987). The mere possibility of future inheritance is not sufficient to provide aggrievement. Maloney v. Taplin, 154 Conn. 247, 249
(1966); Graham v. Estate of Graham, 2 Conn. App. 251, 254 (1984). Plaintiff must demonstrate that he himself is aggrieved; it is not sufficient for him to attempt to assert the ward's interest.See cases cited by defendant it his February 27, 1997, Memorandum in Support of Motion to Dismiss. As has been noted by Judge Walsh:
 The statutes regarding conservators are found in chapter 802h of the General Statutes, entitled "Protected Persons and Their Property. . . . The specific provisions regarding conservators are found in Sections 45a-644 to 45a-663
inclusive. Quite to the contrary, the statutes provide, for example, that in appointing a conservator, the court is to be guided by the best interests of the respondent, § 45a-650 (d) and may require a bond of a conservator of the person if it deems necessary for the protection of the respondent C.G.S. § 45a-650 (f). . . . In addition, the courts have long recognized the purposes of our conservator statutes. As early as 1814 Justice Edmond, speaking for the Supreme Court, stated that "nothing to my mind can be plainer, that that necessary provision for the [ward] is the sole subject" of the statutes regarding conservators. Norton v. Strong, 1 Conn. 65, 69 (1814). The method provided by the laws of this state for the protection of such of its people as own property, but are incapable of managing their affairs, is through a conservator to whom is entrusted the care of both their person and their estate. Wentz's Appeal, 76 Conn. 405
409-10 (1904). Similarly, it has been said that the purpose CT Page 5472 of the statutes is "to safeguard the interests of anyone who would squander and waste his estate if allowed to manage it," Beach v. First National Bank, 107 Conn. 1, 8 (1927); and that the "basic purpose is to make necessary provision for the incapable person during his life or disability." State v. Tarcha, 3 Conn. Cir. Ct. 43, 45 (1964). . . . Assuming that the appellant could establish a legally protected interest, the second prong of the test of aggrievement must also be addressed. Thus, it must appear that the action of the probate court had an adverse effect upon the interest of the appellant. . . . A person must not only be aggrieved, but must be aggrieved from the particular order appealed from. . . . A number of cases have addressed the issue of aggrievement in the context of conservatorship proceedings. It has ben held that mere blood relationship to the respondent is not sufficient to establish aggrievement . . . Similarly, the possibility that the party may, in the future, be entitled to inherit from the ward does not constitute that person an aggrieved party . . . Nor does the mere assertion that the appellant is responsible for the ward's care, or may become liable for his or her support, confer standing to appeal . . . A party does not establish aggrievement merely by the fact that he or she had notice of and participated in the hearing in the probate court. In re Charles H. MacEslin, 11 Conn. L. Rptr. No. 4, 104 (April 4, 1994). (Emphasis added.) (Citations omitted).
Appellant argues that while he may lack standing as an heir, he should be deemed to have standing as Olga Zajicek's next friend. However, neither the Motion for Appeal from Probate, nor the Statement of Reasons for Appeal, provides a basis for this argument. In the absence of authority to the contrary, this argument is rejected.
The Motion to Dismiss is granted for the second, independent reason that it raises the same issues raised and decided by the Probate Court in its decree of March 11, 1996, which is on appeal in the companion case of Zajicek v. Zajicek, Docket No. CV960561052. See Kolodney v. Kolodney, 2 Conn. App. 697 (1984) (Pendency of a prior suit between the same parties for the same thing will abate a latter suit because the later suit is deemed unnecessary).[2]
2. Richard E. Zajicek vs. Glastonbury Probate Court, Docket CT Page 5473 No. CV96-0561052S.
In this appeal from probate, defendant Walter A. Twachtman, Jr., conservator of the Estate of Olga Zajicek, again moves to dismiss pursuant to a February 27, 1997, Motion to Dismiss. The arguments asserted are essentially repetitive of the arguments made in support of the motion to dismiss in Docket No. 0561770S, although defendant also asserts that dismissal is warranted because plaintiff has never filed Reasons of Appeal as Required by Practice Book Section 194.
For the reasons stated above relating to the failure of plaintiff to demonstrate aggrievement with respect to my granting of the Motion to Dismiss in Docket No. 0561770S, the Motion to Dismiss in this matter is granted as well.[3] It is worth noting that in this matter, Richard Zajicek was not, formally speaking, the applicant in the Probate Court. See Exhibit B appended to defendant's February 27, 1997, Motion to Dismiss.[4]
3. Little River Limited Liability Co. v. Richard Zajicek,
No. CV96-0561804S:
A brief discussion of factual background relating to this case is necessary to place the pending motion in proper context.
Pursuant to a June 4, 1996, complaint, the plaintiff, Little River Limited Liability Company, has sought a partition of certain real estate located on Hebron Avenue in Glastonbury. In its complaint, plaintiff alleges that the defendant Richard Zajicek owns an undivided one-fourth interest in the land.
At the time of the filing of this complaint, with a July 9, 1996, return date, a previous, related case was also pending. That previous case, In re Estate of Edwin C. Zajicek, Appeal FromGlastonbury Probate Court, Docket No. 93-528186 was filed in June of 1993. In that case, Richard C. Zajicek appealed from various orders and decrees made and entered by Judge Hamer. A trial de novo in that case was held before the undersigned judge on November 13, 1996. On February 27, 1997, decision was rendered in that case, denying Richard Zajicek's appeal. That decision has not been appealed.
Pursuant to a February 20, 1997, Motion to Dismiss, Richard Zajicek in this case seeks dismissal of the partition action brought by Little River Limited Liability Company. The motion to CT Page 5474 dismiss is opposed by plaintiff, which on March 5, 1997, filed a Memorandum in Opposition to Motion to Dismiss. I have reviewed all written submissions. Oral argument was held on May 9, 1997, in connection with this motion.
Richard Zajicek essentially makes two arguments in support of his motion. Neither of them is persuasive.
The first argument is based on the claimed applicability of General Statutes Section 52-503, which states as follows:
 No partition, or sale in lieu of partition, may be made of any property, belonging wholly to any estate in settlement in any court of probate until the estate is ready for distribution.
Richard Zajicek argues that because the appeal from probate in the case of In re Estate of Edwin C. Zajicek, Appeal FromGlastonbury Probate Court, No. 93-528186, was pending at the time the complaint in this case was filed, the Court was deprived of jurisdiction to hear the Little River case because the estate was not "ready for distribution." The fact that a decision has been rendered in In re Estate of Edwin C. Zajicek, Appeal FromGlastonbury Probate Court, does not weaken the argument, in his view. Mr. Zajicek cites no case that directly supports his argument, nor have either lawyer cited the Court to any case directly defining what is meant by the term "ready for distribution" as used in Section 52-503.[5] However, Beecher v.Beecher, 43 Conn. 556 (1878), involving the predecessor statute, has been cited.
Viewing the plain language of Section 52-503 in the light of well-accepted rules of statutory construction, this argument must be rejected. In construing our statutes, words and phrases must be construed according to their commonly approved usage. General Statutes Section 1-1. By its plain terms, Section 52-503 says that no partition, or sale in lieu of partition, may be made of any property belonging wholly to any estate in settlement in any court of probate until the estate is ready for distribution. Had Richard Zajicek chosen to appeal from the decision in In reEstate of Edwin C. Zajicek, Appeal From Glastonbury ProbateCourt, his argument that the estate was not "ready for distribution" until that appeal was decided might be more persuasive. However, no appeal has been taken in that case and the appeal period has run. Prior to an estate being "ready for CT Page 5475 distribution, " the statute prohibits a partition or partition in lieu of sale from being made; but the statute does not divest the court of jurisdiction. Stated otherwise, while the statute limits what the court can order prior to an estate being "ready for distribution, " it does not prohibit the court from exercising or retaining jurisdiction over a case such as this.
Moreover, as plaintiff notes, at issue in Beecher v. Beecher
was a broader, more prohibitive predecessor statute to Section52-503. That predecessor statute provided, in relevant part, that no application for the partition or sale of any part of any estate, pending for settlement, shall be made until after the settlement of the administration account, and a final settlement of such estate. Section 52-503 does not prohibit applications from being made, nor does it make reference to a "final settlement" of the estate. As plaintiff notes, it is a "basic tenet of statutory construction that when a statute . . . is clear and unambiguous, there is no room for construction." Oller v.Oller-Chiang, 230 Conn. 828, 848 (1994), citing State v. Genotti220 Conn. 796, 807 (1992). It is the duty of a court to "interpret statutes as they are written," Muha v. United Oil Co.,180 Conn. 720, 730 (1980), not to, "by construction, read into statutes provisions which are not clearly stated." Robinson v.Guman, 163 Conn. 439 (1972). Had the legislature intended to divest the Court of jurisdiction entirely in cases such as this, it could have stated: "The court shall have no jurisdiction in cases seeking the partition of any property, or sale in lieu of partition of any property, in cases involving property, belonging wholly to any estate in settlement in any court of probate until the estate is ready for distribution." or it could have adopted another similar formulation. The legislature chose not to do so. In summary, Section 52-503, given a plain, fair reading, does not support Richard Zajicek's more expansive reading of the statute.
At oral argument, counsel for Richard Zajicek made a second argument in support of the motion to dismiss. He argued that because the Probate Court process was not entirely concluded, because various orders (e.g., relating to expenses) were still to be entered, the estate was not "ready for distribution" pursuant to Section 52-503. Plaintiff disagrees, noting that the estate has paid all its debts and asserting that the need for some further, final proceedings in the probate court does not render the estate "not ready for distribution."
Once again, reference to the plain meaning of Section 52-503
CT Page 5476 undercuts the persuasive force of Mr. Zajicek's argument. Section 52-503 does not say that an action for partition may not proceed until a "final settlement" or "final accounting" has been made. It prohibits an action for partition, or sale in lieu of partition, only until such time as the estate is "ready for distribution." Judge Hamer's orders remain in full force and effect, as plaintiff notes, in reliance on Dickenson's AppealFrom Probate, 54 Conn. 224 (1836), an old case which is still good law. In light of the undersigned judge's denial of the appeal in the case of In re Estate of Edwin C. Zajicek, AppealFrom Glastonbury Probate Court, and the absence of an appeal from that ruling, Judge Hamer's orders and decrees remain operative. The fact that some further proceedings, including a supplemental accounting, may be required does not, in the Court's view, render the estate "not ready for distribution" pursuant to Section 52-503.
In conclusion, defendant's motion to dismiss is denied.
Summary and Conclusion
The clerk is ordered to place this memorandum of decision in all three files.
Douglas S. Lavine Judge, Superior Court