D. J. BOTHWELL, plaintiff in error, *vs.* ARMINDA DOBBS, defendant in error.

1. Where a legatee also claims title under a parol gift from the testator, the claimant is not a competent witness to prove such gift, the testator being dead.
2. Where the testator, after making his will containing a specific devise to the legatee, placed her in possession of the property, the title did

not vest absolutely so as to prevent the property from being assets, and to render the assent of the executors to the devise unnecessary.

Wills. Legacies. Administrators and executors. Before Judge Knight. Cobb Superior Court. December Adjourned Term, 1875.

Reported in the decision.

W. T. & W. J. Winn, for plaintiff in error.

John O. Gartrell, by W. S. Thomson, for defendant.

Warner, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found a verdict in favor of the claimant. A motion was made for a new trial on the several grounds therein stated, which was overruled by the court, and the plaintiff excepted.

It appears from the evidence in the record, that the land levied on was originally the property of John Bellinger, the father of the claimant, and was levied on as his property, by virtue of an execution issued on a judgment obtained against his executors on the 16th day of March, 1869; that he and his daughter were both living on the land at the time of his death, which was probably during the year 1866, though the exact time is not stated in the record. The claimant claimed the land under a parol gift from her father in his lifetime, and also under his last will and testament, which was dated in April, 1866, and admitted to probate in June, 1866. The debt on which the judgment was obtained, was contracted by the testator in December, 1865. The time at which the alleged parol gift of the land was made does not appear in the evidence before us—the claimant stating that it was made sometime before the testator's death. The claimant also stated that she did not claim the land as a gift, but claimed it under her father's will. The court charged

the jury, amongst other things : If the testator told the claimant that he had given her the property, and suffered her to go into possession of the same before his death, even though he might live on the place with her, the legacy was addeemed, and it did not pass into the hands of the executors as assets, and their assent to the legacy was not necessary to vest the property in her—it was already hers. Now, if this be shown before you, you will find for the claimant. I charge you again, gentlemen of the jury, that if this specific legacy was willed to her, and possession given her before the death of the decedent, the property was then hers, and she took it free from his debts, and it never became assets in the hands of the executors, and if this be true it is an end of the case, and you will inquire no further; and I charge you that you are not to regard the testimony of claimant, Mrs. Dobbs, as to how she took the land, and you need not be governed by what she swore in relation thereto, for she is not presumed to know her legal rights." This charge of the court was error, even if the claimant had been a competent witness to prove the parol gift of the land by her father to her in his lifetime, he being dead. But, in our judgment, she was not a competent witness to prove the gift of the land to her by her deceased father in his lifetime, and the court erred in allowing her to prove that fact over the plaintiff's objection. Whether the land devised to the claimant by the will of the testator had been duly administered by the executors of the testator, and turned over to her with their assent, before the date of the plaintiff's judgment, so as to bring it within the ruling of this court in the case of *Jones vs. Parker*, (55 *Ga., Rep.*, 11), we do not know, as the evidence in the record does not show at what time the assent of the executors to the claimant's devise of the land under the testator's will was given, whether before the date of the plaintiff's judgment or afterwards. We therefore reverse the judgment and order a new trial, in order that the legal and equitable rights of the respective parties may be ascertained and adjudicated, the more espe-

cially as the testator, by his will, directed that other lands owned by him should be appropriated by his executors for the payment of his debts.

Judgment reversed.