J. C. GREELEY, AS ADMINISTRATOR OF THE ESTATE OF EMMA REGISTER, DECEASED, ET AL., APPELLANTS, VS. ELIZABETH A. HENDRICKS, APPELLEE.

1. An administrator cannot maintain a suit for partition under the statutes of this State, though such suit was originally instituted by his intestate. Whitlock vs. Willard, 18 Fla., 156, approved.

2. Where a husband is a party complainant simply in right of his wife, and has no other status in the pleadings, and the wife dies, and her administratrix is afterwards made a complainant, such husband cannot be regarded as having on the pleadings the status of complainant as her heir, no steps having been taken to revive the suit as such heir.

3. Where a decree has been rendered in the absence of proper parties, it will be reversed by the appellate court of its own motion.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Geo. Wheaton Deans* for Appellants.

*Randall, Walkers & Foster* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court :

This is a suit in equity for the partition of lands. The bill was brought by Mrs. Register, who has since died intestate, and her husband, William Register, against the appellee, who is the widow of William T. Hendricks, deceased, and other defendants. Mrs. Register was the daughter of William T. Hendricks and appellee. The claim made by the bill is that Mrs. Register, in her own right, was entitled to one-sixth interest in the land, as one of the heirs of her father, who died in February, 1873, owning and occupying the land, and that such land comprised all the land or estate which he owned on April 7th, 1852. It states the value of the land as of the date just mentioned, and prays that the share claimed by Mrs. Register be set apart and confirmed to her by decree of the court, and for general relief. Mrs. Hendricks filed a plea setting up a conveyance of the land in fee on said April 7, 1852, directly to her by her husband, a record of the deed of conveyance in the same month, and continued seisin since, excepting certain parts she has since sold. After the filing of this plea Mrs. Register died, and Greeley was appointed administrator of her estate, and made a party complainant, and afterwards the said plea adjudged to be sufficient.

This court decided in Whitlock vs. Williard, 18 Fla.,

156, that while an administrator may, under our statute, maintain an action of ejectment upon the title of an intestate and recover possession of land, yet that not bêing an owner, joint tenant, tenant in common or co-parcener, within the meaning of the statute, he cannot maintain suit for partition. The administrator, Mr. Greeley, cannot, therefore, maintain this suit for partition. It is clear that Mr. Register was made a party simply as co-complainant with his wife in her right, and has no other status on the pleadings. No proceedings have been taken by him to revive the suit as her heir, even if he be her sole heir. The consequence is that there were no proper parties complainant before the court when the order on the plea was made, and for this reason such order is reversed, and the cause will be remanded for such proceedings as may be proper.