DAN WOOD ET AL. *v.* A. A. BRYANT ET AL.

1. PARTITION. *Dower. Infant.*
    When a portion of the land of a decedent has been set apart to his widow as dower, the heirs, some of whom are minors, owning the remainder, a suit by the widow and some of the adult heirs against the other owners for partition of the whole land cannot be maintained.

2. SAME. *Parties. Misjoinder.*
    Since the widow in such case has no interest in the lands of the estate not allotted to her as dower, she is an improper party to a suit for their partition.

3. PARTITION OF INTESTATE'S LANDS. *Administrator not a proper party.*
    An administrator has no interest in the lands of his intestate, and is therefore an improper party to a suit for partition of lands of which his intestate was a tenant in common.

4. SAME. *Character of estate. Hotchpot. Infant.*
    Even if the widow were permitted to throw her dower into hotchpot with the other lands of the estate and unite with the heirs in praying partition of the whole, the partition should be denied if it involves the interests of minors whose rights might be injuriously affected.

From the chancery court of the first district of Yalobusha county.

Hon. B. T. Kimbrough, Chancellor.

The bill in this cause seeks an ascertainment and adjustment of the rights of complainants and defendants in certain lands, and a sale thereof for partition. The lands were owned at the time of his death by one Green Wood, who died intestate in 1861, leaving a widow, Serena Wood, and seven children. Several years afterwards the said widow, by formal application to the probate court, procured a certain part of the land to be set apart to her as her dower, and she was put in possession of the same. There is, however, some evidence in the record, chiefly her own deposition, which tends to show that notwithstanding this formal proceeding for the allotment of dower, in which all of the heirs were made parties, she did not, as against them, go into exclusive occupation of the land thus set apart, but entered into an unwritten agreement with the adult heirs by which she stipulated to waive her dower interest, and take in lieu thereof a child's part.

Prior to 1887 two of the heirs of Green Wood died, leaving children, who are still minors. In that year the widow, Serena Wood, united with all the heirs in a bill in the chancery court for a partition of all the lands of the estate except one small tract. The minor children of the deceased heirs were represented in this suit by a next friend. The bill ignored the dower estate of the widow, and alleged that she and the other parties to the suit owned the land in undivided shares, and by inheritance from Green Wood. A decree was had in accordance with the prayer of the bill, and the land was partitioned by commissioners, whose report was confirmed by the court. Subsequently certain of the heirs executed conveyances to others of their shares, and appellees Bryant & Shackleford are vendees of the shares of two of said heirs.

The bill in this cause was filed February 12, 1889, by the aforesaid Serena Wood, Bryant & Shackleford, and C. R. Cock, administrator of the estate of A. M. Wood, one of the heirs of Green Wood, against the remaining children and grandchildren of said Green Wood, and alleges that the complainants and the defendants

Statement of the case.

are joint owners of the lands above mentioned, according to their several rights, which it asks the court to ascertain. The bill states that the said Serena Wood claims an interest in said lands "in her own right as widow;" that C. R. Cock claims as administrator of A. M. Wood, deceased, and that Bryant & Shackleford claim the interests of two of the heirs under conveyances to them. The interests or shares of the other defendants are also set out in the bill. Complainants recite the former decree of partition obtained in 1887, but insist that it is void for errors apparent on the face of said proceeding, and because no actual partition had been made as reported by the commissioners.

The bill further alleges that C. R. Cock, administrator of A. M. Wood, has applied in another proceeding in the chancery court to sell the interest of his intestate for the payment of debts. Complainants allege that by reason of the confusion caused by the previous attempted partition proceedings and the conveyances executed by several of the heirs, they are unable to define their several rights or agree on a division, and they therefore pray the court to take jurisdiction of the entire subject-matter, and by one decree adjudicate the rights of the various parties, and, having done this, decree a sale of all the lands for partition of the proceeds.

Several of the defendants have answered, and resist the prayer of the bill, contending that the former partition proceedings were valid; that the complainant Serena Wood, having only a dower interest in a part of the lands, is an improper party; and that C. R. Cock, administrator of A. M. Wood, is likewise an improper party, as his power to deal with the real estate of the intestate is limited to a sale thereof under proper proceedings to pay debts.

On final hearing the court rendered a decree in accordance with the prayer of the bill, reciting in the decree that Serena Wood was entitled to share in the proceeds of the sale of the land according to her dower interest therein, and directing a sale of all of the lands by a commissioner, and referred the cause to a master with directions pending the sale to ascertain and report who were entitled, and in what proportion, to the proceeds. From this decree two of the defendants prosecute an appeal.

*R. H. Golladay,* for appellants.

1. Only parties in actual or constructive possession are entitled to partition. *Price* v. *Crow,* 44 Miss. 571.

Complainants must prove title to an undivided interest in the lands. Freeman Co-ten. & Par. §§ 431, 437.

Manifestly the widow, having only a dower interest, was an improper party. Quite as manifestly the administrator of one of the tenants in common was an improper party, since an administrator has nothing to do with the land of his intestate except to sell it under statutory proceedings to pay debts.

2. Reversioners and remaindermen are not entitled to partition. Freeman Co-ten. & Par. §§ 441, 446, 538.

The heirs could obtain partition only of that proportion of the estate not allotted to the widow.

*I. T. Blount,* for appellees.

It is apparent from the record that all parties in any way interested in the lands in controversy are before the court, and desire partition or sale for division, except the appellants. Their only contention is, that they have a right to have carved out of the whole that particular part which they claim to own, insisting that the former proceedings were valid. The chancellor correctly decided that this should not be done. The widow was a proper party. She and the heirs had a right to agree to allow her interest to be sold, so as to remove all obstructions in the way of a sale for a fair price. She could not be compelled to join, but this was her privilege. Cock, administrator of A. M. Wood, was a necessary party, since he had obtained an order to sell the undivided interest of his intestate to pay debts.

The former partition proceedings were obviously illegal and invalid, since the heirs and creditors of A. M. Wood had no hearing, and since that bill was evidently filed under the mistaken view that Mrs. Serena Wood owned a child's part. The shares and interests sought to be partitioned in that suit were incorrectly stated, and the parties in interest have the right in this suit to point out the errors and ask the court to consolidate all the issues and adjust their rights anew.

WOODS, C. J., delivered the opinion of the court.

Many years ago, the dower estate of the widow of Green Wood, deceased, was carved out of these lands of which partition is sought in this proceeding. The widow was put in possession of the lands allotted her, and her estate therein cannot now be subjected to partition with all the other lands of her deceased husband, even at her request.

In the residue of the lands of her husband, she has no present interest, and was an improper party to this proceeding.

The administrator of A. M. Wood, deceased, had no interest at the time of the institution of this suit, which entitled him to join in any proceeding for partition. He could only assume to deal with his intestate's real estate in case it became necessary to do so to pay debts due from his intestate; and then, he must pursue the course prescribed by our laws governing the sale of decedents' lands to pay debts. Certainly, when he filed the bill herein, with Serena Wood and Shackleford and Bryant, he was not in position to assume any right to, or control over, the lands in question. He, like Serena Wood, had no interest in the lands, and was an improper party. The decree is erroneous and must be reversed.

It is proper to say, further, that the partition in this case involves the interests of minor defendants, and the unauthorized attempt to fling the estate in dower into this novel hotchpot, and partition it with other lands to which the minors have title, might very injuriously affect their rights, and cannot be permitted by the court, even with the consent of their natural guardian.

*Reversed and remanded.*