### BEATY, administratrix, *v.* STAPLETON *et al.*

An administrator cum testamento annexo can not lawfully sell lands for the purpose of paying debts or for distribution, when there are no debts, and such administrator has no authority to make, and is under no duty of making, a distribution of the estate among legatees. or devisees.

Submitted March 20,—Decided April 11, 1900.

Injunction. Before Judge Reagan. Spalding county. October 2, 1899.

*Lloyd Cleveland,* for plaintiff in error.
*James S. Boynton* and *Robert L. Berner,* contra.

LUMPKIN, P. J. The following is a copy of the last will and testament of James Beaty: "Article first: I will and bequeath to my beloved wife, A. A. Beaty, during her natural life, all my means and property, personal and real, to use and dispose of according to her own judgment and best interests. Article second: At her death, I will and bequeath the remaining means and property as follows: to the heirs of Sidney Stapleton one half of the remaining estate, the remaining half to be disposed of by my wife, Mrs. A. A. Beaty, according to her own will. Amen." The will was duly admitted to probate and record, and Mrs. Beaty was appointed administratrix cum testamento annexo. As such she advertised the lands of the testator's es-

tate for sale, and thereupon James L. Stapleton and others, who were the heirs of Sidney Stapleton deceased, filed an equitable petition to enjoin the sale. The petition alleged that it was not necessary to sell the lands for the purpose of paying debts or for distribution; that petitioners were remaindermen under the will, and that a sale of the lands would (for reasons assigned, but which need not be here set forth) have the practical effect of depriving them of their interest in the estate. It was at the hearing "admitted and agreed by the parties that all the debts of the estate had been paid and there was no necessity to sell the lands to pay the debts." It further appears that "the sole question submitted to the court was the construction of the will, and what estate Mrs. A. A. Beaty took thereunder." The judge, being of the opinion that her interest under the will was merely a life-estate, granted the injunction, and the administratrix excepted.

Whether this construction of the will was or was not correct, we are of the opinion that the injunction was properly granted, for the reason that, in any view of the matter, it would seem that if Mrs. Beaty should not, while in life, dispose of the entire estate, the plaintiffs would have at her death, a half-interest in "the remaining means and property." At any rate, this was the view entertained by her counsel, for in his brief he says: "Clearly the testator intended his wife to use this property for her support if necessary, and if any remained at her death, the heirs of Sidney Stapleton should receive one half of that, and no more." We are not, therefore, called upon to decide whether the plaintiffs below had such an interest under the will as authorized them to file the petition. As will have been seen, it was not necessary to sell the lands for the purpose of paying debts, for there were none; and it is apparent that, under the terms of the will, no duty of selling for distribution devolved upon the administratrix. Whether under that instrument Mrs. Beaty took a mere life-estate or a greater estate, it is therefore clear that, in her capacity as administratrix, there was no occasion for her to sell these lands. No duty pertaining to her office as administratrix made it either legal or appropriate for her to sell the property for any purpose of administration; and, in

the absence of such a duty, her attempt as administratrix to sell the lands was wholly unauthorized. The soundness of this conclusion would be beyond question if some person other than Mrs. Beaty had been appointed to administer the estate. From a legal standpoint it makes no difference, in principle, that she happens to be both devisee and administratrix. She figures in this case exclusively in her representative capacity, and is not a party to it in her individual right. Whatever may be the extent of her interest in the lands under the terms of the will, and whatever power of disposition it confers upon her as to the property left by the testator, she is not attempting by virtue of any individual claim of right to make a disposition of the lands in question. Irrespective of what she could lawfully do as an individual; it was therefore eminently proper for the court, in the exercise of its equitable powers over her as a trustee, to restrain her from doing, under color of her office, an act which, as administratrix, she had no authority to do.

In affirming the judgment, we must not be understood as holding that the construction placed by the judge upon the will should be treated as binding upon Mrs. Beaty in her individual right as legatee and devisee, she not being before the court save in her representative capacity.

*Judgment affirmed.   All the Justices concurring.*