## HADEN *v.* SIMS *et al.*

1. Where an administration has continued through the existence of a. dower estate, upon the falling in of the dower the administrators. may take possession of the land for the purpose of distributing it among the heirs at law.
2. One of several heirs at law can not assert a right of possession to a. particular area of her ancestor's land, in the possession of the decedent's administrators, until she becomes vested with the title in severalty to such area, either by agreement among her co-heirs, or by a partition judgment.
3. A pendente lite decree in an equitable partition suit, appointing partitioners and directing the assignment of the interest of one of the heirs at. law out of a particular land lot, only adjudicates that such heir's share is to be assigned from a particular lot. It is not until the share is actually allotted by the partitioners, and their return is made the judgment of the court, that such heir becomes vested with a title in severalty to the land assigned.

Argued January 21,—Decided February 18, 1907.

Petition for injunction. Before Judge Freeman. Coweta superior court. September 29, 1906.

G. R. Sims died in February, 1876, seized and possessed of a. considerable estate. He left a widow and several children as his heirs at law. J. B. and J. R. Sims qualified as administrators on his estate. Dower was duly admeasured and assigned to his widow,. who entered into possession of the land so assigned, and there remained until her death on December 10, 1905. She rented the dower land for the year 1906 to her grandson, Sam Sims, who cultivated the land for that year. In January, 1906, Mrs. L. G.. Haden, who was one of the children of the late G. R. Sims, filed an equitable petition to partition the lands owned by her father,. including the dower tract, among the tenants in common, his. heirs. In May, 1906, a consent decree was taken wherein partitioners were appointed who were directed to assign to the petitioner her interest in the lands, from the west portion of land lot 144, and "going so far east across said land lot as to give petitioner the interest that she was entitled to." The partitioners appointed in this decree duly made their return in May, 1906,. when both plaintiff and defendants in that proceeding filed exceptions to the report, complaining of the quantity of land assigned. These exceptions to the commissioners' report are now pending in the court. On August 23, 1906, Mrs. Haden presented her

equitable petition against Sam Sims and his tenants, alleging, that under the above-stated facts she was entitled to the land assigned to her by the partitioners; that she entered into possession and is still in possession of the same; that Sam Sims claimed to have the right to its possession by virtue of a contract made with the dowress during the fall of 1905; but that this contract was terminated by the death of the dowress, and that the defendants have no right to the possession of the land or of the crops growing thereon. She prayed to have the lease from the dowress to Sam Sims declared null and void, and that defendants be restrained from entering upon the land or in any wise interfering with her possession. The defendant Sam Sims, in his answer, set up, that he had rented the land for the year 1906 from his grandmother, the dowress, for ten bales of cotton; that after taking possession of the land his grandmother died, whereupon J. B. and J. R. Sims, as administrators of G. R. Sims, notified him that the land reverted to the estate of G. R. Sims, and that they would have to administer the same according to law; that the administrators thereupon confirmed the lease which he had made with the dowress, and notified him that he could keep the lands in accordance with his lease contract, but that he must pay the rent due under the contract to them as the administrators of G. R. Sims; that the other defendants were his croppers, and held under him. He denied that Mrs. Haden was in possession, but charged that she had wrongfully taken possession of one of the dwelling-houses on the land, and locked it up, thereby preventing defendant from using and enjoying it. The following amendment to the answer was offered and allowed, over objection of plaintiff: "That during the year 1905 he rented for the year 1906 the lands mentioned from his grandmother, at and for ten bales of cotton; that on Dec. 10, 1905, she died, whereupon J. B. & J. R. Sims told defendant the lands were then in their hands for administration. Defendant told them of his contract with his said grandmother; whereupon, within ten days after her death, the said J. B. & J. R. Sims as administrators rented to him for the year 1906 the lands mentioned at and for ten bales of cotton. Under this rental contract with said administrator he entered said lands and has been in possession of same during the year 1906, and, through and by his croppers, Wiley and Dock Elder, has raised a crop thereon." The case was tried

upon the sworn petition and answer, and certain affidavits offered by the defendants in support of their answer. The court denied the injunction. Error is assigned upon the allowance of the amendment, and upon the refusal of the injunction prayed.

*W. C. Wright* and *W. W. Haden,* for plaintiff.

*H. A. Hall* and *W. G. Post,* for defendants.

EVANS, J. (After stating the facts.) An administrator is under duty to fully administer the estate of his intestate. If there be no debts, or if a surplus remains after the payment of debts, he must distribute the estate among the heirs according to the laws of distribution. Ordinarily the administrator is not entitled to a discharge from the administration until all the property belonging to the estate has been distributed. An exception is made by the Civil Code, §3513, in a case where an administrator has fully administered the estate except a reversionary interest in land set apart as a dower, and it is not necessary to administer the same to pay debts. In such a case the administrator is entitled to letters of dismission. This section does not forbid or prevent administration of the reversion after the dower estate has terminated; it only permits an administrator to be discharged from his trust without administering such reversion, where in all other respects the estate has been fully administered. If the administration has continued during the existence of the dower, upon the falling in of the dower estate the administrator may take possession of the land, if for no other purpose that to distribute it among the heirs at law. See Civil Code, §3436; *Scott* v. *Newsom, 27 Ga.* 126. If there be no debts and the estate is divisible in kind among the heirs at law, the heirs may institute independent partition proceedings, but pending such proceedings the administrator's possession will not be disturbed. The law requires no assent of an administrator to the admeasurement of dower. The dower is carved out of the estate of the intestate by the law. But where the decedent dies testate, the executor's assent is necessary to give complete effect to the devise. By assenting to a devise of an estate for life with remainder over, the executor loses all control and interest in the land so devised. After assenting to the legacy the executor can not recover possession of the land after the death of the life-tenant for the purpose of making a division among the remainder-men, unless the will imposes this duty upon him. *Watkins* v.

*Gilmore,* 121 *Ga.* 488. The distinction between the distribution of an estate of a decedent who dies intestate and that of one who leaves a will is that in the former case the estate must be administered, and the surplus, after the payment of debts, divided by the administrator among the heirs at law according to the statute of distributions; in the latter case the executor derives his powers from the will, and he is not required to divide the property among the legatees unless he is so instructed by the will. Upon the death of Mrs. Sims, the dowress, the administrators of her husband's estate took possession of the land and rented it to the defendant in error, and therefore his possession was lawful.

Before the plaintiff in error can maintain possession of any specific and definite area of her ancestor's land against the administrators or their tenants, she must show title in severalty to the specific lands. Mrs. Haden's petition proceeds upon the theory that she is entitled to a definite part of the dower land by virtue of the consent decree providing for a partition of the entire lands of the estate of G. R. Sims among the several heirs at law. This decree, so far as the same is disclosed by the record, only adjudicated that the interest of Mrs. Haden could be assigned to her in a particular lot of land. The amount of the land was to be fixed by the partitioners. When the partitioners made their return indicating an assignment to Mrs. Haden of a specific area, she filed her objections to the return being made the judgment of the court, upon the ground that she should have been allotted a larger area; and the other parties likewise filed objections, complaining that the allotment to her was too large. So long as these objections are pending, Mrs. Haden is not vested with title in severalty to any portion of the estate. She has the right to insist, under the decree, that her part of the estate shall be assigned in accordance with its terms; but until the partition is complete and has been approved by formal judgment, Mrs. Haden can not interfere with the possession of the administrators. Of course, the rents accruing while the lands are in the hands of the administrators, after deducting the legal expenses of the administration, belong to the several tenants in common, in proportion to their interest in the entire estate at the time the administrators took charge of the land.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*