Hillsborough, ⎰
Nov. 1, 1910. ⎱

FRENCH, *Adm'r, & a. v.* LAWRENCE *& a.*

PETITION, for a construction of the will of Gideon Hardy, which was proved June 24, 1884. Transferred without ruling from the May term, 1910, of the superior court by *Plummer*, J. The defendants were duly served, but did not appear in the superior court.

After a gift of all the residue of the estate to the testator's wife, to be expended by her for her comfort and necessities as she might choose, the will contained the following: "At my said wife's decease, if any property is left after paying the funeral expenses and liabilities, I desire the same to be divided into four parts, one fourth to the First Congregational Church of Nashua, one fourth

to the feeble Congregational churches of New Hampshire, one fourth to George Phelps, and one fourth to Barney Phelps."

The testator's wife survived him, dying in 1910. The property remaining consists of three dwelling-houses in a continuous row on Chestnut street in Nashua, with appurtenant land. George and Barney Phelps both died before the testator's wife, and their sole heir is the defendant Lawrence. The advice of the court is asked as to the duty of the administrator to cause a division of the property by proceeding for sale or partition, and as to the construction and proper execution of the gift to the feeble Congregational churches of New Hampshire.

*George B. French*, for the plaintiff.

PARSONS, C. J. In the absence of argument or brief from any of the parties to the proceeding, it is not impossible that the case may have been misunderstood. From the record on which the case has been submitted, it is inferred that all the property involved is real estate, as to which an administrator has ordinarily no duty to perform. Nothing is perceived, as the allegations of the petition are understood, to take the case out of the ordinary rule. The administrator is therefore advised that he has no duty to perform as to the partition of the remaining real estate between the legatees entitled.

It is not alleged that the First Congregational Church is one of the feeble Congregational churches of New Hampshire. It is assumed that it is not. There appears to be no question that the First Congregational Church owns one fourth of the real estate involved, and the defendant Lawrence one half. The only question is as to the title to the remaining fourth. If the New Hampshire Home Missionary Society was intended by the testator to be made trustee, or can be appointed trustee upon the facts alleged, it would be entitled to advice as to the proper disposition of the fund. But its title to the fund as trustee has not yet been determined. If the court might in this proceeding properly express an opinion as to the validity of the devise to the feeble Congregational churches of New Hampshire, it will not do so in the absence of the heirs of Gideon Hardy, who would own one fourth of the estate should the devise fail for lack of a trustee, because of its indefiniteness. *Haynes* v. *Carr*, 70 N. H. 463, 480 ; *Bailey* v. *McIntire*, 71 N. H. 329 ; 2 Per. Tr., *s.* 719.

*Case discharged.*

All concurred.