(81 Misc. Rep. 15.)

### BARTON et al. v. REYNOLDS et al.

(Supreme Court, Special Term, Wayne County. May, 1913.)

1. PARTITION (§ 13*)—WHEN ACTION LIES—COTENANCY.

   An action for partition will not lie at the suit of all the tenants in common against decedent's widow and administrators under Code Civ. Proc. §§ 446, 1532, authorizing partition by any cotenant, the defendants having no possession of the premises, and being neither joint tenants nor tenants in common with the plaintiffs, as required by the Code.

   [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 36, 81; Dec. Dig. § 13.*]

2. ACTION (§ 15*)—PARTIES—"SUIT."

   A suit at law involves a contest between two parties, one seeking and the other withholding the thing in contest, and the same individual cannot be at the same time both the person seeking and the person withholding (quoting 7 Words and Phrases, 6770).

   [Ed. Note.—For other cases, see Action, Cent. Dig. § 84; Dec. Dig. § 15.*

   For other definitions, see Words and Phrases, vol. 8, p. 7809.]

Action by Emma L. Barton and others against Jennie B. Reynolds and others. Demurrer to complaint sustained.

Charles T. Ennis, of Lyons, for plaintiffs.
Edson W. Hamm, of Lyons, for defendants.

SAWYER, J. This is an action for partition of real property. The complaint shows that one Albert Reynolds died prior to the commencement of the action intestate, and leaving the real estate in question; that he was survived by his wife, Jennie B. Reynolds, and these plaintiffs who were his sisters, and his sole heirs and next of kin. The defendants in the action are the widow, Jennie B. Reynolds, and the administrators of the personal property of Mr. Reynolds. The vested dower of the widow in the premises has not been admeasured, and, under the provisions of section 1538 of the Code of Civil Procedure, any person having an admeasured dower interest must be made a party defendant in such an action, as must also the administrators of the personal estate of the decedent from whom the property is derived, when three years have not elapsed since the issuing of letters.

[1] Defendants raise by demurrer the question that this action will

not lie at the suit of all the tenants in common against the widow and administrators. Reliance is had by plaintiffs upon the phraseology of section 1532 of the Code of Civil Procedure, which provides that:

"Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years, *any one or more of them* may maintain an action for the partition of the property, according to the respective rights of the persons interested therein," etc.

And section 446 of the Code, which provides that:

"All persons having an interest in the subject of the action, and obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly prescribed in this act."

From this it is argued that all the persons described in said section 1532 may be joined as plaintiffs in such an action against those having only a special or contingent interest in the property, and who are required by section 1538 to be made defendants in order that their rights may be adjusted.

With this I do not agree. An action for partition is essentially an action between joint owners for the division of their property between them, according to their respective interests, or, if such division cannot be made, then for a sale and similar division of the proceeds; the bringing in of those having an interest other than that of possession and joint ownership is for the adjustment and disposition of their special rights, and a procedure of comparatively modern use, which has in nowise altered or changed the common-law theory upon which such actions are based.

The defendant administrators have no possession of the premises, actual or constructive, and are neither joint tenants nor tenants in common with the plaintiffs. Their only interest in the property is in connection with possible liens thereon for the payment of the decedent's debts; they are required to be made defendants only that in the adjustment of decedent's affairs the rights of his creditors shall be protected. Their affirmative remedy in case of necessity is by proceedings to sell for debts, and it will not be contended that this action could be maintained by them.

The defendant Jennie B. Reynolds also has no possession, and is neither a joint tenant nor a tenant in common with them. She is simply the owner of an unadmeasured dower in the premises, and it is required that she be made a defendant solely that in the division of the property between the cotenants her rights shall be guarded and established. The remedies provided for the assertion by her of those rights are those laid down in the Code of Civil Procedure at section 1596 and on, and under no circumstances could she maintain an action of partition. Purdy v. Purdy, 18 App. Div. 310, 46 App. Div. 215; Wood v. Clute, 1 Sandf. Ch. 199. In effect, therefore, this action is brought by the three common owners of the property to procure its division between them, a thing which they may as readily do for themselves as the court can do for them. 30 Cyc. 153. It is brought by them against defendants, who have no interest in the matter adverse to theirs, and

who can have no lawful objection to their doing as they will with their own.

[2] A suit at law involves a contest between two parties in a court of justice, the one seeking and the other withholding the thing in contest. The same individual cannot be at the same time both the person seeking and the person withholding. 7 Words and Phrases, 6770. And in the very nature of things the court is not to be called upon to do for parties that which they are both able and willing to do for themselves. In a partition action, as in any other, before the aid of the court can be invoked, the demand of plaintiffs must be disputed or withheld by some one of the joint owners in possession. As was said by Judge Rapallo in Florence v. Hopkins, 46 N. Y. 182:

"To maintain an action for the partition of lands, the plaintiff must, at the time of the commencement of the action, have an actual or constructive possession, in common with the defendants, of the land sought to be partitioned."

This language is quoted with approval by Mr. Justice Van Kirk in Bellinger v. Taylor, 70 Misc. Rep. 142, 127 N. Y. Supp. 167, and seems nowhere that I can learn to have been disavowed or rejected by the courts.

That such an action cannot otherwise be maintained is an underlying principle which has led to the denial of the decree when plaintiff is not in actual or constructive possession of his undivided share. Burhans v. Burhans, 2 Barb. Ch. 398.

These defendants are incidental defendants, having no possession or interest as joint tenants or tenants in common of the lands in question, and an action for their partition will not lie against them except as they may be joined with one or more having such rights in common with the plaintiffs.

Demurrer sustained, with costs, and with usual leave to amend.