## PECK et al. v. WATSON et al.

1. In all cases where two or more persons are common owners of lands in this State, and no provision is made, by will or otherwise, as to how such lands are to be divided, any one of such common owners may apply to the superior court of the county in which such lands are situated, at term time, or to the judge thereof at chambers, for a writ of partition, which application shall be by petition setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein.

2. In this State both real and personal property are assets to pay debts, and no devise or legacy passes title to the property devised or bequeathed until the assent of the executor is given to the devise or legacy. Until the assent of the executor is given, the legal title to the devised realty and bequeathed personalty of the testator is in the executor.

3. Whenever two or more persons, from any cause, are entitled to the possession, simultaneously, of any property in this State, a tenancy in common is created.

4. Where land is owned by two tenants in common, one of whom dies testate and devises her undivided interest in said land, her executors and the surviving cotenant are, until the executors assent to the devises, tenants in common thereof; and the guardian of the surviving cotenant (who is a minor) and the executors could join in an application for the partition of such land between such guardian and such executors, without joining the devisees in the application, the latter being represented by the executors in such proceeding; and the judgment partitioning the land between the estate of the testatrix and the surviving cotenant or her guardian will bind the devisees.

5. Executors are trustees for legatees and devisees until they assent to their legacies and devises and turn the same over to the legatees and devisees; and the executors as such trustees can join with the surviving cotenant or her guardian for the partition of land owned jointly by their testatrix and such surviving cotenant, where the testatrix makes devises of such land, and where the partition of such land between the estate and the surviving cotenant is necessary for its due administration by the executors.

Executors and Administrators, 23 C. J. p. 1138, n. 90; 24 C. J. p. 133, n. 42, 44, 45.

Partition, 30 Cyc. p. 188, n. 73; p. 198, n. 37; p. 216, n. 11; p. 218, n. 27; p. 253, n. 65.

Tenancy in Common, 38 Cyc. p. 3, n. 1; p. 14, n. 55.

6. Executors 'possess all the powers conferred upon administrators by law, and which are applicable to their offices; and they can resort to the proper and necessary means of executing such powers. Their power and duty is primarily to realize the estate for the purposes of paying debts and for distribution, and any act of administration which tends to the easy and better realization of the estate is prima facie within their power. Their power to realize implies proper means of its realization.

7. Where their testatrix died owning an undivided interest in land, which she devised to her children for life, with remainder to their children, and directed a division of this land between the devisees, partition of such land between the surviving cotenant and the estate of the testatrix was a natural and reasonable method by which the executors could put themselves in a position easily to administer and realize the estate of their testatrix; and they could join with the surviving cotenant or her guardian, such cotenant being a minor, in a proceeding to partition the land so jointly owned by their testatrix and such surviving cotenant, for the purpose of facilitating the administration of the estate and the division of the share of testatrix in such land among her devisees.

No. 6027. FEBRUARY 15, 1928. REHEARING DENIED MARCH 1, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. April 6, 1927.

*Alston, Alston, Foster & Moise, Candler, Thomson & Hirsch, Jones, Evins, Moore & Powers, R. R. Arnold, G. H. Peck,* and *J. E. Warren,* for plaintiffs in error.

*Colquitt & Conyers* and *L. C. Hopkins,* contra.

HINES, J. Ann M. Atwood and Ann M. Geiger owned as tenants in common a block of real estate in the city of Atlanta. Ann M. Atwood died testate, and on May 5, 1873, her will was duly probated and recorded in the ordinary's office of Putnam County. Her sons, William Henry and James A. Atwood, who were named as executors of her will, duly qualified as such. She devised and bequeathed all of her property, both real and personal, to be equally divided between her sons and daughters when her youngest child became of age. In the meantime she directed that her executors hold the same together for the support, maintenance, and education of her youngest child, and for the support and maintenance of her daughter, Matilda A. Atwood, so long as she remained unmarried, unless she should defer her marriage until after the period fixed for the distribution of her estate. By a codicil she provided, as her daughter Matilda A. Atwood had departed this life leaving no child, that all her property should be divided share and share alike among her sons, William H. Atwood,

James A. Atwood, John M. Atwood, and George E. Atwood, and her daughters, Ruth A. Dunwoody and Ann Margaret Geiger, but that each of them should have and enjoy only a life-estate in the property bequeathed to each of them, with remainder over, after the death of each one of them, to the children of their bodies, in fee simple; but should any one or more of said children die having no living child, then the remainder over to go to the surviving beneficiaries of her will, share and share alike. On July 24, 1878, the executors of the testatrix and Charles A. Geiger, as guardian of Ann M. Geiger, who was a minor, filed in Fulton superior court their petition for partition of said block of land between the executors and the guardian as the joint owners thereof. The only parties to the partition proceeding were said executors and the guardian. None of the devisees under the will of testatrix were parties thereto, or notified thereof. Under this application said block of real estate was divided between the executors of the testatrix and the guardian of said Ann M. Geiger. The north half of said lot was allotted to the executors, and the south half to the guardian of said Ann M. Geiger. Meta Atwood Watson, Clara Atwood Black, and Constance Atwood by Sophie L. Atwood as her next friend, Constance Atwood being non compos mentis, filed their petition in Fulton superior court against Frank H. Peck and others, in the first count of which they alleged the facts hereinbefore stated; and in addition made these allegations: Meta Atwood Watson and Clara Atwood Black, who are the children of John M. Atwood, are each the owner of a vested interest in remainder, after the death of their father, of a one-fourteenth of the one-half undivided interest in the south half of said block of land which was owned by testatrix at the time of her death. Constance Atwood, who is one of the seven children of George E. Atwood, is the owner of a one-seventh of one seventh of the undivided half interest of testatrix in said block of land. Under the will the executors of testatrix had no power to institute the partition proceeding, and the court was without jurisdiction to entertain the case as brought by said executors and guardian, and the partition proceeding and decree entered therein were accordingly void. Petitioners are the owners of the interests above stated in that portion of said block of land which was set aside to the guardian of Ann M. Geiger under said partition proceeding, of

which they can not adequately dispose, because the decree in said partition proceeding is a cloud upon their title. They are accordingly entitled to have the same canceled and removed. Defendants are all of the present claimants to said property, and all the persons interested in sustaining the decree in the partition proceeding, and all of the persons who are necessary parties defendant to this action. They claim title under said decree. All the original parties to said partition proceeding are now dead. There are now no executors of testatrix. Ann M. Geiger is dead. There is no executor or administrator of her estate. Plaintiffs are the only persons now interested in having said decree declared void. They pray that the decree in the partition proceeding be canceled as a cloud upon their title, and that title be declared in them to the above interests in the land involved in this case.

The defendants demurred severally to each count of the petition, upon the ground that each count set forth no cause of action against them, nor do the allegations thereof show any reason why the plaintiffs should be granted the decree prayed for therein. The court overruled the demurrer of the defendants other than Mrs. Eleanor W. Willingham, as to the first count, and sustained the same as to the second count. Those defendants excepted to so much of the judgment as overruled their demurrer as to the first count.

Did the trial court err in overruling the demurrer to the first count of the petition? This depends upon the proper answer to be given the question, whether or not the superior court had jurisdiction of the statutory proceeding for the partition of the block of land, brought jointly by the executors of Ann M. Atwood, and Charles A. Geiger, the guardian of Ann M. Geiger, the other of the common owners, where there were no other parties to such proceeding, and where none of the devisees under the will of testatrix were notified of the intention of the applicants to apply for such partition. This makes it necessary for us to construe the sections of the Code which provide for statutory partition of land among common owners, and which were in force in 1878. The first of these sections reads as follows: "In all cases where two or more persons are common owners of lands and tenements in this State, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and

tenements are to be divided, any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated, at term time, or the judges thereof at chambers, for a writ of partition, which application shall be by petition, setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein." Code of 1873, § 3996; Civil Code of 1910, § 5358. This section provides for partition where "two or more persons are common owners of lands and tenements." It further provides that "any one of such common owners may apply" for such partition. Under this section, is an executor a common owner with the cotenant of his testator in land owned in common by his testator and such cotenant?

In this State both real and personal property are assets to pay debts, and no devise or legacy passes title to the property devised or bequeathed until the assent of the executor is given to the devise or legacy. Civil Code, § 3895. Until the assent of the executor is given, the legal title to the devised realty and bequeathed personalty of the testator is in the executor, under this section. *Bothwell* v. *Dobbs,* 59 *Ga.* 787; *Dean* v. *Central Cotton Press Co.,* 64 *Ga.* 670, 676; *Blake* v. *Black,* 84 *Ga.* 392 (11 S. E. 494); *Lester* v. *Stephens,* 113 *Ga.* 495 (3) (39 S. E. 109); *Harris* v. *Kittle,* 119 *Ga.* 29 (45 S. E. 729); *Clay* v. *Clay,* 149 *Ga.* 725 (101 S. E. 793); *City of Blakely* v. *Hilton,* 150 *Ga.* 27, 33 (102 S. E. 340). It is true that the executor has only a limited or qualified title to the devised realty for the purpose of paying debts and legacies, and for distribution among the devisees. *Blake* v. *Black,* supra; *City of Blakely* v. *Hilton,* supra. Nevertheless he has title to the devised realty until he assents to the devises. In the instant case the executor had title to the undivided half interest of his testatrix in the land involved in this litigation; and he retained title thereto until he assented to the devises of this undivided interest made by the testatrix in her will. Ann M. Geiger had title to the other one-half undivided interest in this land. Both having title to such undivided interests, both were entitled to the possession of the joint property. "Whenever two or more persons, from any cause, are entitled to the possession, simultaneously, of any property in this State, a tenancy in common

is created." Civil Code, § 3723. Being tenants in common, they were common owners of this land, within the meaning of that term as used in the code section with which we are dealing; and being such joint owners, they could jointly apply for the partition of this land between them, or either one could apply against the other for partition under our statute. In *Welch* v. *Agar,* 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380), this court held, that, .for good cause shown, partition may be ordered at the instance of a creditor holding an absolute deed from one of the tenants in common as security for a debt; but that, without good cause, partition in opposition to the will of the debtor of such creditor should be denied. If the vendee in a security deed and a cotenant of the vendor therein are common owners, we think clearly that an executor of a deceased cotenant, and the cotenant of the latter, are such common owners as would authorize them to apply jointly for the partition of land owned by the testator and his cotenant.

Furthermore executors are trustees, and they are trustees having title to devised realty for the purpose of using the same, or the proceeds of the same, to pay debts and for distribution of the devised realty among the devisees thereof. *Beal* v. *Crafton,* 5 *Ga.* 301, 309; *Blake* v. *Black, City of Blakely* v. *Hilton,* supra. An executor is a species of testamentary trustee. *Toombs* v. *Spratlin,* 127 *Ga.* 766, 770 (57 S. E. 59). Devisees of realty are cestuis que trustent of the executor until his assent to the devise of the realty is obtained. The executor being such trustee, and partition being, in part at least, for the benefit of the devisees, the executor was authorized to file the application for partition in this case. Application for partition by a trustee for the benefit of a cestui que trust is expressly authorized by our statute. Civil Code, § 5359. Furthermore, under the will in this case the lands of the testatrix were to be divided between her children. She owned only an undivided half interest in the lands involved in this case. As a preliminary and necessary step in such division, partition of this land between the executors and the cotenant of the testatrix would have to be effected. This partition could not be had between the devisees and such cotenant of the testatrix, for the reason that only those having title to land and possession or the right of possession can, as a general rule, obtain partition, or be proceeded against for the partition of land. It

has been held that an executor and devisees of a deceased tenant in common, not asking for partition for themselves, might jointly file a bill in chancery to have their interest in the land set off from that of the cotenant. Page v. Webster, 8 Mich. 263 (77 Am. D. 446). In that case it was said: "So far as the executor is concerned, he represents the whole title, and the devisees unite with him as interested in the subject-matter, and submitting to be bound by the decree."

It is difficult to make a complete enumeration of the powers of an executor. He is entitled to possess and administer the entire estate, although any part thereof be undevised, holding the residuum, after payment of debts and legacies, for distribution according to the laws of this State. Civil Code, § 3889. He is clothed with all the powers conferred upon administrators under the provisions of the Code. § 3892. He likewise possesses all the powers applicable to the office of executor, and can resort to the proper and necessary means of executing the powers conferred by law upon an executor. His power and duty is primarily to realize the estate for the purposes of paying debts and for distribution; and it would seem that any act of administration which tends to the easy and better realization of the estate is prima facie within his power. His power to realize implies proper means of its realization. In Re Kemnal [1923], 1 Ch. 293, 11 British Ruling Cases, 954, Lord Sterndale, M. R., said: "To agree to a partition seems to me to be a natural and reasonable method by which an executor can put himself in a position easily to administer and realize his testator's estate. This is especially so in a case like this, where the land in common is building land in different lots easily severable and intended to be disposed of in different lots." In the same case, Warrington, L. J., said: "An executor finding himself in possession, as part of his testator's estate, of an undivided share of land is in a most difficult position. If he is called upon to realize, he must either sell the undivided share—a most unprofitable course to pursue, or he must obtain the concurrence of his cotenants not only in a sale at a time which may be inconvenient to them, but in all the terms of sale, including, of course, the price and, in cases of sale by auction, the reserve. By concurring in a partition he frees himself from these difficulties and puts himself in a position to realize to the best advantage and without delay, in case,

as often happens, a speedy realization becomes necessary." In the case at bar the testatrix in her will provided for the division of her lands in kind among her children. It would be difficult to divide the undivided half interest of the testatrix in the land involved in this case; and it seems to us that it was the sensible and proper thing for the executor to do to join with the cotenant of the testatrix in dividing this block of land between them. There is no charge that the partition was unfair in any way. Plaintiffs make no claim that the portion of this land which the executors received under the partition was not in every way equal in value to that which was assigned to the guardian of the cotenant of testatrix.

Cases are cited by counsel for the defendants in error which sustain the proposition that an administrator of a deceased cotenant can not maintain a proceeding against a cotenant of his intestate to partition land which is owned jointly by his intestate and such cotenant. It has been very generally held that an administrator possesses no such power. Nason *v.* Willard, 2 Mass. 478; Whitlock *v.* Willard, 18 Fla. 156; Greeley *v.* Hendricks, 23 Fla. 366 (2 So. 620); Terrell *v.* Weymouth, 32 Fla. 255 (13 So. 429, 37 Am. St. R. 94); Kelly *v.* Kelly, 41 N. H. 501; Phillips *v.* Dorris, 56 Neb. 292 (76 N. W. 555); Ryer *v.* Fletcher-Ryer Co., 126 Cal. 482 (58 Pac. 908); Richards *v.* Richards, 136 Mass. 126; Owings *v.* Owings, 150 Mich. 609 (114 N. W. 393); Wood *v.* Bryant, 68 Miss. 198 (8 So. 518); Throckmorton *v.* Pence, 121 Mo. 50 (25 S. W. 843); French *v.* Lawrence, 75 N. H. 609 (78 Atl. 278); Barton *v.* Reynolds, 142 N. Y. Supp. 895 (81 Misc. 15); Romero *v.* Rader, 146 La. 964 (84 So. 221); 20 R. C. L. 753, § 35.

The question was before this court in *King* v. *Cabaniss,* 81 *Ga.* 661 (7 S. E. 620), but was not decided. In that case Camp and King were owners as tenants in common of a described tract of land. King died, and administration was granted upon his estate. The administrator of King had sought to have the land partitioned. In that case Judge Bleckley said: "We therefore leave the element of partition out of view, and make no ruling on it, except to intimate that perhaps, under our peculiar system in Georgia, an administrator, having leave to sell all the real estate of his intestate, may represent the heirs at law in proceed-

ings for partition touching lands owned by the decedent in common with a stranger. He certainly does represent creditors in all dealings with the estate, and that partition is, or may be, a step appropriate to administration, as a preliminary of sale, where he has leave to sell for the common benefit of heirs and creditors, seems probable. His representative powers in Georgia are very broad, at least in chancery." So far as our investigation has extended we find no case where this question has been decided by this court. In considering the cases bearing upon this question we must remember that real estate was not, by the common law, an asset for the payment of debts, except those arising on contracts under seal. For this reason an administrator had generally nothing to do with lands of his intestate. We must likewise have regard to the statutes of the various States in which they were made. In this State, "Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law." Civil Code, § 3929. It is true that the administrator, when necessary, can recover from the heir at law the lands of his ancestor, when it becomes necessary to pay debts. It is also true that in this State heirs at law can not sue to recover real estate from a stranger, unless they allege that there is no administration, or that there are no debts, or that they sue with the consent of the administrator. But in the case at bar we are not called upon to decide the right of an administrator to bring a proceeding to partition land held by his intestate and another as tenants in common.

So we are of the opinion that the executor was authorized to institute and maintain a proceeding for the partition of land owned by his testatrix and Ann M. Geiger as tenants in common; and that the plaintiffs are not entitled to have cancelled the judgment in the partition proceeding, and to have a decree declaring them entitled to the respective interests claimed by them therein under the will of Ann M. Atwood. It follows that the court erred in not sustaining the demurrer to the first count of the petition. This renders it unnecessary to pass upon any assignments of error upon rulings made by the court under subsequent proceedings in this case.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

HINES, J. The defendants in error, in their motion for a rehearing, insist that we overlooked important authorities which require a conclusion different from that reached by the court in its opinion in this case. In the first place it is urged that our decision is contrary to that announced in *Wright* v. *Hill,* 140 *Ga.* 554 (79 S. E. 546). The plaintiff in that case filed an equitable petition against the executors, to compel them to assent to their shares in the land devised by the testator to his children, including the deceased father of the plaintiffs, for life, with remainders in fee to their lawful issue, and for a partition of the land among the devisees who were then entitled to possession of their respective shares of the land. The question whether the executors of the testator, if the land had been owned in common by him and another, could have had the land partitioned between the executors and the cotenant, was in no way involved. It is true that the plaintiffs in that case alleged that they were tenants in common with the executors, and entitled to partition on that basis; and that this court held that this allegation should be stricken from their petition. Clearly the executor and devisees of land under a will are not cotenants; and this court properly directed that such allegation be stricken from the petition. In the case cited the plaintiffs were seeking to compel the executors to assent to their devises, and in the same proceeding they were seeking to have the land partitioned between the devisees. This could be done in equity, but not upon the theory of the plaintiffs that the executors and the devisees were common owners of the land. This court did not mean to hold, and did not hold, that the executor of a deceased cotenant could not proceed for partition against a living cotenant of the testator.

Again, it is urged that we erred in holding that, prior to his assent to devises of land, "an executor is a species of testamentary trustee," and in citing *Toombs* v. *Spratlin,* 127 *Ga.* 766, 770 (supra) as authority for this proposition. It is true that in the case cited the trust reposed in the executor was more extensive than that reposed in an executor who is merely charged with the distribution of a testator's estate between legatees and devisees. We did not mean to hold, and did not hold, that the trust reposed in the executor in the present case was as comprehensive as that reposed in the executor in the case cited. What

we held was that an executor, pending the time between his qual-
ification and his assents to devises of real estate, holds the title
to the devised land in trust for creditors and devisees. It is
urged that in reaching this conclusion we entirely overlooked
*City of Blakely* v. *Hilton,* 150 *Ga.* 27, 33 (supra). We certainly
did not overlook that case, because we cited it in our opinion.
Did we err in citing it as authority for the proposition that an
executor, until he assents to the devises of land, is a trustee for
such devisees? In the opinion in that case this court sustained
the principle announced by us in this case. This court, through
Justice George, said "that, until the required assent by the ex-
ecutor, the legal title to the devised realty and bequeathed per-
sonalty of the testator is in the executor (Civil Code, § 3895);
and that an executor is a trustee, having title to the devised
realty as well as to the bequeathed personalty for the purposes
of using the same to pay debts and legacies. *Blake* v. *Black,*
84 *Ga.* 392, 399 (11 S. E. 494). But, as we have already seen,
the personal representative holds the title for a limited purpose,
and the executor is a trustee in a limited sense." So we held in
the instant case that the executor, prior to his assent to devises
of real estate, is a trustee in a limited sense, that is, he is trustee
for the devisees of land until he assents to their devises. Fur-
thermore, in the case last cited the court laid down the rule that
"The personal property of a deceased person, in the hands of
his executors during the settlement of the estate, is taxable at
the place of the domicile of the decedent, if a resident of the
State," and in no way dealt with the question involved in the
present case.

Again it is insisted that we overlooked the case of *Printup* v.
*Trammel,* 25 *Ga.* 240, and that our decision is contrary to the
one there made. In that case this court said: "We think the
case of a trustee different from that of an executor, who has no
right to deal with the property of his testator. His duty begins
and ends with the collection of the assets of the estate, and pay-
ing the debts and legacies. It is true that the will may make
him a trustee as well as executor. If it does, his character of
executor is changed into that of trustee. But as executor, he has
no authority to purchase property for the estate, or to deal in a
manner making it necessary to give his note. . . . It is not

the same with trustees, who are often under the necessity of dealing in a manner, for the benefit of his cestui que trust, to create a debt payable in future." This statement must be taken in connection with the facts. In that case it was held that "A trustee is not liable, out of his own estate, on a note given by him 'as trustee,' and . . when the consideration of the note enured exclusively to the cestui que trust." In support of the doctrine that the trustee was individually liable, counsel for the plaintiff in that case cited the principle applicable when executors give notes as such; which principle is, that if an executor gives his note as such to a creditor, he is liable out of his own estate, for the reason that it is an admission that he has assets of the estate with which to pay the same, and for the additional reason, if the note is payable at a future date, that it may be a personal benefit to the executor to postpone the date of payment, and it is generally to the interests of legatees and creditors to have prompt payment when the assets are at hand. It was held that the duty of an executor begins and ends with the collection of the assets of the estate and the payment of the debts and legacies, and that an executor would have no right to contract a debt and charge the estate with its payment, unless the will made him such a trustee as would authorize him to enter into such transaction. That decision, when construed in the light of its facts, is no authority for the proposition that an executor does not hold devised real estate, until he assents to the devises disposing of it, as trustee for such devisees.

It is next urged that we overlooked the fact that the executors of the testatrix were not directed to make distribution of this land among the devisees, for which reason they had no power to institute the partition proceeding involved in this case; and that we overlooked the cases of *Beaty* v. *Stapleton,* 110 *Ga.* 580, 581 (35 S. E. 770), *Watkins* v. *Gilmore,* 121 *Ga.* 488, 490 (49 S. E. 598), *Haden* v. *Sims,* 127 *Ga.* 717 (56 S. E. 989), and *Crumley* v. *Laurens Banking Co.,* 141 *Ga.* 603 (81 S. E. 871), which counsel assert, in the situation recited, would be applicable, and would require a conclusion different from that reached by us in this case. We can not say that under the terms of the will the executors were not required to make distribution of the property devised and bequeathed by testatrix. By her original will testa-

trix devised and bequeathed all of her property to be equally divided between her sons and daughters when the youngest child became of age. In the meantime she directed that her executors hold the same together for the support, maintenance, and education of her youngest child, and for the support and maintenance of her daughter Matilda A. Atwood so long as she remained unmarried, unless she should defer her marriage until after the period fixed for the distribution of her estate. By a codicil she provided that as her daughter Matilda A. Atwood had departed this life leaving no child, all of her property should be divided share and share alike among her sons and daughters, but that each of them should have and enjoy only a life-estate in the property bequeathed or devised to each of them, with remainder over after the death of each of them to the children of their bodies, in fee simple; but should any one or more of said children die having no living children, then the remainder over to go to the surviving beneficiaries of her will, share and share alike. It is true that the purposes for which the executors should keep the estate together had ceased, for the reason that the youngest child of testatrix had become of age, and her daughter Matilda had died before the death of the testatrix; and the trusts reposed in the executors for these purposes had been ended. Under the codicil to the will, however, made in view of these facts, the testatrix provided that all her property should be divided share and share alike among her sons and daughters. The will does not expressly declare who shall make this division; but under the proper construction of the will we think the division was to be made by the executors.

But we do not think that the decision of this question is necessary to a proper disposition of this case. Conceding that the division was not to be made by the executors, there is nothing in the decisions cited by counsel requiring a different decision from that made by us. In *Beaty* v. *Stapleton,* the testator gave to his wife, during her natural life, all his property, "to use and dispose of according to her own judgment and best interests;" and at her death he bequeathed one half of the remaining estate to the heirs of Sidney Stapleton, and the other half to be disposed of by his wife according to her own will. The heirs of Stapleton sought to enjoin an administrator with the will an-

nexed from selling the lands for the purpose of paying debts and for distribution, because there were no debts, and the administrator had no authority to make, and was under no duty of making, a distribution of the estate among legatees or devisees. In these circumstances the court held that the administrator could not lawfully sell the lands for the purpose of paying debts or for distribution, when there were no debts, and no duty rested upon him to make a distribution of the estate among the legatees or devisees. The petition in that case was filed by the devisees to prevent a sale for the purpose of paying debts and for distribution, which would have divested the title of the devisees if a sale had been made. *Copelan* v. *Kimbrough,* 149 *Ga.* 683, 690 (102 S. E. 162). It is clear that the question here involved was not involved in the case cited. In that case this court was dealing only with the question whether an administrator with the will annexed should be permitted to sell devised realty for the purpose of paying debts and for distribution among the devisees, when there were no debts, and when there was no duty resting upon such administrator to make such distribution. In that case the land was devised to the wife for life, with the right to dispose of it, with the remainder, as to one half of the land, to named devisees. Clearly the assent of the executor to the life-estate to the wife enured to the benefit of the remaindermen; and there was nothing further to be administered by the administrator with the will annexed.

In *Watkins* v. *Gilmore* it was held that "The assent of the executor to a devise of lands perfects the inchoate right of the devisee;" and "Where land is devised to one for life, with remainder over to another, the executor's assent to the devise for life inures to the benefit of the remaindermen, and at the termination of the life-estate the remaindermen may take immediate possession of the property, unless the will shows a different intention." This ruling was based on the proposition that the estate was fully administered when the executor assented to the life-estate, which assent inured to the benefit of the remaindermen; and that the remaindermen had the right to take possession at the death of the life-tenant, unless the will provided that division among the remaindermen at the death of the life-tenant should be made by the executors. Certainly the rulings

in the case last cited do not support the proposition that an executor, before his assent to the devise of an undivided half interest in lands owned by his testator in common, with another, is not such a common owner of such land with the surviving cotenant of his testator, or such a trustee, as would authorize the executor and the surviving cotenant to file a proceeding for partition between the executor and the surviving cotenant of the lands so owned. The most casual reading of *Haden* v. *Sims* will show that it does not support the contention that our decision conflicts with the ruling made in that case. In *Crumley* v. *Laurens Banking Co.,* a testator devised a tract of land to his wife for life, and at her death to four named children, and in the case of death of any child before maturity or without children, their share was to belong to the survivors. The life-tenant filed an application in the court of ordinary where the administration was pending, renouncing her life estate, and asking for a division in kind of the land among the children, of whom she was guardian. A division was had pursuant to her application. This court held that the court of ordinary was without jurisdiction to partition the land among the remaindermen. This decision was based upon the proposition that the sections of the Code conferring power upon the court of ordinary to partition lands "contain no implication or suggestion of conferring on the court of ordinary jurisdiction to divide realty devised to persons as tenants in common, at the instance of one or more of the common owners." That decision in no way dealt with the question of whether the superior court would have jurisdiction to partition land as was done under the facts in the present case.

It is further urged that we overlooked certain cases which were cited in the brief of counsel for the defendants in error, as follows: Rivas *v.* Summers, 33 Fla. 539 (15 So. 319); Lyon *v.* Register, 36 Fla. 273 (18 So. 589); Boutté *v.* Boutté, 30 La. Ann. 177; Evans *v.* Appell, 211 App. Div. 105 (207 N. Y. Supp. 25); Walsh *v.* Dunn, 46 Atl. 592. While these outside authorities are not binding precedents, and our overlooking thereof is not ground for a rehearing, we discuss them. In Rivas *v.* Summers, a defendant in a suit in equity under the Florida statute, for partition of land, died leaving a will and appointing his cotenant his executor. It was held, "that on the death of the testator

the children and devisees became parties for the purposes of partition, and the executor was not a sufficient party, as the representative of their interests." That decision was based upon the ground that "neither the legal title nor the beneficial interest is in him, and he can not be held to have authority to stand for those who have such interests in a proceeding whose purpose is a permanent division of the property among the real owners." In Lyon v. Register, it was held that "At common law an executor, equally with an administrator, is the representative of the personalty only; and where it is not shown that by the will the executors are invested with and authorized to represent the title, they are not proper parties to represent the heir or devisee in partition proceedings." So it will be seen that these Florida cases are based upon the common-law doctrine that the executor is made the representative of legatees only as to the personalty left by the testator, and is not the representative of realty left by testator. We have undertaken to show that under the statute in this State and the decisions of this court he is the representative as to both realty and personalty. It is true that in an earlier Florida case (Whitlock v. Willard, 18 Fla. 156, which was followed in Greeley v. Hendricks, 23 Fla. 366, 2 So. 620), the Supreme Court of Florida held, that, under the statutes of that State, an administrator "not being an owner, joint tenant, tenant in common or coparcener, within the meaning of the statute giving such persons a right to partition, he can not have partition." The court was dealing with the power of an administrator, and the decision therein was based upon decisions in other States which rest upon the doctrine that an administrator has no title to the real estate of his intestate, and is only invested with a power of sale, which must be granted by the probate court.

In Boutté v. Boutté, the decision was placed upon a Louisiana statute which provided that suit for partition had to be instituted by the heir who wished for the division, and that the coheirs or their representatives must be cited. In Evans v. Appell, the decision was put upon certain provisions of the Civil Practice Act of New York. In Walsh v. Dunn, the decision rested upon the facts that the power of sale vested in the executor by the testator was to be exercised, if at all, during the minority of the children; that, as the children had attained the age of 21

years, his power was extinct; and that he could not then have partition of the lands under a statute giving executors vested with a power of sale the right to bring an action to effect the partition. In *McGlawn* v. *Lowe*, *74 Ga. 34*, the executor had assented to a legacy given to a tenant for life, with remainder to certain named persons. This court held that the assent to the life-estate ·inured to the benefit of the remaindermen, and that the executor could recover possession only where it was necessary for him to have it for the purpose of executing the will. The executor having fully administered the estate, this court properly held that an administrator de bonis non could not maintain an action of ejectment to recover the land so devised and administered. In citing Re Kemnal (1923), 11 British Ruling Cases, 954, we did not mean to, and did not, approve all that was said in that case. We did not undertake to put an executor in this State upon the same footing, as to his powers, as are conferred upon executors in England. We cited that case for the sole purpose of illustrating the power which an executor in this State possesses in reference to the distribution of devises of land, to which the title, under our statutes, does not pass until the executor assents to the devises.

After much study and serious consideration we reached the conclusions embodied in the opinion handed down in this case. After the filing of the motion for a rehearing, and in view of the importance of the ruling, we have gone over the ground again, and have considered with care the exceptions taken by able and learned counsel for the defendants in error to the opinion as rendered. After much study and travail we have reached the conclusion that the opinion rendered in this case is correct. To avoid any misconception of the ruling which we made, we. repeat that an executor, under a devise by a testator of an undivided interest in real estate owned in common by the testator and another at the time of his death, has title to such devised ·realty and holds it as trustee for the devisees, and can, before he assents to such devise and puts the devisees in possession, join with the surviving cotenant of his testator in a proceeding to partition the land between the estate and the surviving cotenant, as a convenient and necessary preliminary to the distribution of such land among the devisees. We do not hold that an executor and

devisees under the will which he is appointed to execute, unless he is designated therein as a legatee or distributee as well as executor, is a co-owner with said legatees and distributees, and as such can bring a partition proceeding for land devised by his executor, unless he is directed in the will to divide the land among the devisees.                    *Rehearing denied.*